376 P.2d 547

**Nabbie C. SORENSEN, Plaintiff, Respondent, and Cross Appellant,**

v.

**S. Morgan SORENSEN, Defendant and Appellant.**

**No. 9751.**

Supreme Court of Utah.

Jan. 31, 1963.

Clyde, Mecham & Pratt, Salt Lake City, for appellant.

Gustin, Richards & Mattsson, Salt Lake City, for respondent.

WADE, Justice.

After a youthful marriage which lasted 29 years, and during the course of which Nabbie C. and S. Morgan Sorensen raised a family of three children, all of whom have reached the age of majority, the couple find it more salutary to live apart and have secured a divorce. During the course of the marriage, in addition to the family, the couple also acquired considerable worldly goods through the husband's business acumen and by inheritance and gift from his side of the family. No appeal is taken from the granting of the divorce. The bone of contention is the division of the worldly goods alluded to above. The husband feels that the court has been too generous in providing for the wife, and the wife feels that in a few matters the court has not been generous enough.

The record reveals that never during her lifetime has the wife been a breadwinner. The husband has always provided a good living, and with the passage of years, their income and standard of living has gone up. At the time of the divorce, there had been acquired a considerable interest in insurance policies and personal property, such as furnishings, as well as a sizable mansion and estate on which they lived and some moderate income producing rental properties. Also, the husband, through purchase, gift and inheritance, now owns 10,000 shares of stock in a family business in which for the past five years he has earned a salary of approximately $45,000 per annum. The court awarded the wife a half interest in the estate on which the parties lived, the rental properties, a substantial insurance policy on the life of the husband, a country club membership and some personal property. The husband was also ordered to pay the wife $1,250 alimony per month, and a lien was impressed on 5,000 of the 10,000 shares of stock in the husband's business to secure the payment of the alimony awarded, the court, however, reserving jurisdiction to modify or remove said lien if circumstances warranted. In addition to the half interest in their home estate and the 10,000 shares of stock in his business, the husband was allowed to retain all the insurance policies, with the exception of the one awarded the wife, and expensive furnishings in their home, with certain minor exceptions and all the family cars.

■ It is apparent from the court's distribution of the property that the hus-

band was left with the wherewithal to continue producing a substantial sum of money and also substantial interests in real and personal property were allowed to be retained by him, so that it does not appear he will be greatly hindered in the mode of living to which he has accustomed himself. The wife has been given some income producing property, as well as alimony, so that she can continue living in the style to which she has become accustomed during the marriage. Under such circumstances, this court cannot say that there has been a plain abuse of discretion or that the awards are unjust and inequitable. Unless there is manifest injustice and inequity or a clear abuse of discretion, this court will not substitute its judgment for that of the trial court.[1]

We also find no merit to appellant's contentions that a lien should not have been impressed upon his stock to secure the payments of future instalments of alimony, and that the attorneys' fees appellant is required to pay the wife's lawyers in this matter are excessive.

Affirmed. Costs to respondent.

HENRIOD, C. J., and McDONOUGH, CALLISTER and CROCKETT, JJ., concur.

1. MacDonald v. MacDonald, 120 Utah 573, 236 P.2d 1066 and cases cited therein.