383 P.2d 932

**Elaine Stevenson MICHELSEN, Plaintiff and Respondent,**

**v.**

**Walter James MICHELSEN, Defendant and Appellant.**

No. 9785.

Supreme Court of Utah.

July 30, 1963.

3. Annotation—Comment on claim of privilege, 116 A.L.R. 1170–1176. For extensive discussion of this problem see

VanCott, Bagley, Cornwall & McCarthy, Clifford L. Ashton, Garnt Macfarlane, Salt Lake City, for appellant.

Hanson & Baldwin, Merlin R. Lybbert, Salt Lake City, for respondent.

Wigmore on Evidence, Third Edition, Secs. 285–6, Secs. 2227–8, Secs. 2243–5, Secs. 2270–2.

CALLISTER, Justice.

Defendant husband appeals from a decree of the lower court granting plaintiff wife a divorce, awarding her alimony and certain property, and denying his cross-complaint.

■ The parties at the time of separation had been married 34 years. They had three children who are now adults and self-supporting. Each charged the other with mental cruelty, and each produced evidence and testimony to substantiate the charge. No useful purpose would be served to set forth the various accusations and complaints. Suffice it to say there is ample support in the record for the court's decision to grant the wife the divorce.

The main problem is defendant's contention that the award of alimony and property to plaintiff is inequitable. Defendant is the president and manager of a distributing company and receives for his services a salary of $900 per month. He owns 2,000 shares of stock in the company, which amounts to approximately one-fourth of the outstanding shares. The couple owned a home situated on a 3½ acre tract of land. The trial judge placed a valuation of $30,000 on their equity in the home. The plaintiff has an interest in the estate of her deceased father which was valued at approximately $19,600.

The lower court, after first issuing three memorandum decisions, awarded defendant the shares of stock which the court found to have a value of $20,000; awarded to plaintiff the home—she to assume the mortgage payments amounting to $138 per month; and ordered defendant to pay plaintiff the sum of $275 per month as alimony.

■ Defendant contends that the evidence does not support the court's finding that the shares of stock involved have a value of $20,000. It is true the company's stock is closely held and not traded on the market, thus making a valuation thereof difficult. However, the stock has a par value of $10 per share, and a recent financial statement indicates that defendant's equity in the company would exceed more than $10 per share. Thus, the trial court's finding in this respect is supported by evidence. It should also be noted that the court did not require the defendant to repay plaintiff $2,500 which she had advanced out of her own savings to help get the business started.

Defendant asserts that the trial judge failed to take into consideration plaintiff's inheritance. It is true no mention is made of this item in the findings, however, it is apparent that the judge did consider it,

for it is discussed in his second memorandum decision.

■ The primary issue asserted by the defendant was whether the court erred in awarding plaintiff alimony in the sum of $275 per month and the entire equity in the home. Defendant's present income is $900 per month. He was awarded the stock in the company of which he is president and general manager. The company is apparently successful and growing. After paying the alimony, he has left $625 per month (before taxes) with which to pay his living expenses and obligations. The plaintiff, after making the mortgage payment, is left with $137 per month from the alimony award. The plaintiff is 57 years of age and was, at the time of the hearing, unemployed. True, she will receive considerable benefit and help from her inheritance. However, we cannot say that the lower court's determination was manifestly unjust, inequitable, or an abuse of discretion warranting this court to substitute its judgment therefor.[1]

Affirmed. Costs on appeal, except for attorney's fees, awarded to plaintiff.

HENRIOD, C. J., and McDONOUGH, CROCKETT, and WADE, JJ., concur.

1. Sorensen v. Sorensen, 14 Utah 2d 24, 376 P.2d 547.