496 P.2d 92

**David William DeBRY, Plaintiff and Respondent,**

v.

**Jarie Wilson DeBRY, Defendant and Appellant.**

No. 12435.

Supreme Court of Utah.

April 17, 1972.

338

Pete N. Vlahos, of Vlahos & Gale, Ogden, for defendant-appellant.

No brief filed and no oral argument in behalf of respondent.

ELLETT, Justice:

The appellant, hereinafter called the wife, signed a stipulation and waiver in the original divorce matter without the benefit of counsel, and a default judgment was granted to the respondent, hereinafter called the husband, wherein the court approved and adopted the provisions of the signed stipulation. About five weeks thereafter and while the decree was still interlocutory, the wife moved to set aside the decree and her default and to permit her to file an answer and counterclaim. She claimed that she did not read or understand the stipulation and was induced by her husband to sign it under a false promise to drop the divorce proceedings.

The parties testified fully at the hearing on the motion, and the trial judge thereafter denied the motion. This appeal is from that ruling, although the wife devotes most of her brief to showing the injustice of the stipulation and the decree based upon it.

The stipulation and decree provided that the wife have the custody of the two minor children and that the husband pay to her for their support and maintenance the sum of $59 per month for each child. The decree further provided that if he would make the mortgage payments on the home amounting to $118 per month, he would receive credit for the child support payment. The decree awarded the home to the husband but gave his wife the right to live in it until she remarries or until the youngest child reaches the age of 21, whichever first occurs.

It thus appears that in following the stipulation the court may have abused his discretion, for in awarding the mortgaged

home to the husband he permitted his equity therein to be augmented with money which should have been made available for the support of the children. No provision is made for the husband to make any contribution to the support of the children except to furnish a roof over their heads. By the decree the husband increases his own wealth each time he makes a mortgage payment in lieu of support payment.

■ Where little children are involved, the court is not obligated to adopt or follow a stipulation of the parties which would not adequately provide for the care and welfare of the children. In a divorce suit the primary concern of the court is the welfare of the minor children, and the court should carefully scrutinize any agreement between the parties which might tend to affect adversely that welfare.

At the time of the divorce the wife was unemployed, and it is difficult for us to see the justice of the decree as made.

■ While this appeal is not from the original decree, yet we think the failure to make the husband support these children is so inherently unfair that the court should have set the decree aside of his own motion and permitted an answer and counter-claim to be filed. We think this is so, even though the court may have been justified under the evidence given at the hearing on the motion in finding that the wife had voluntarily signed the stipulation drawn up by the husband's lawyer.

The husband has not seen fit to file a brief in this matter to present his side of the case to us. The transcript of the testimony given to the court at the default hearing has not been brought before us, and so we may not have the entire picture presented to us. However, from what is before us we feel that a full hearing should be had on the matter to determine the distribution of property, the amount of alimony if any, and the amount of support money which should be awarded. Neither party wishes the decree of divorce set aside, and so that phase of the matter may stand.

The order denying the wife's motion to set aside her default and to permit her to plead to the complaint is reversed, and the case is remanded for further proceedings in harmony with this opinion. The appellant is awarded costs.

CALLISTER, C. J., and TUCKETT, HENRIOD, and CROCKETT, JJ., concur.