## LAWLOR v. LAWLOR.

No. 7742.  Decided January 30, 1952.  (240 P. 2d 271.)

See 27 C. J. S., Divorce, sec. 294. Divorce decree, modification of, 17 Am. Jur., Divorce and Separation, secs. 450 et seq.

*Harvey A. Sjostrom,* Logan, for appellant.

*L. E. Nelson,* Logan, for respondent.

WADE, Justice.

The defendant, R. Keith Lawlor, appeals from a judgment awarding plaintiff a divorce and dividing their property. He claims that this being an equity case this court under the evidence should grant him the divorce and give him the home.

This court is reluctant to modify a divorce decree because usually the evidence is contradictory and the trial court

having seen and heard the witnesses is more able to determine their credibility than we are. Also, in the absence of an abuse of discretion, we do not disturb the property division. We have carefully read the transcript and feel that the court's decision is fairly sustained by the evidence and that there was no abuse of discretion.

Only one question requires comment. Both parties gave special reasons why they wished the home. He is a disabled Canadian war veteran and felt that it fit in with his health and work problems. She works in a store nearby and needs the home in a convenient location. He claimed the house was worth $4800 to $5000. She said it was worth from $2500 to $3000, but would not consent to it being awarded to him at any of the above figures. The court awarded her the home and him the other property but gave him the option to get the home by paying $5,000 by the time the decree was signed. It seemed obvious that he could not raise that amount of money but his attorney contended that he could raise $2400. She had been the main support of the family, including a son during their married life. He had a meager war pension and with it and his earnings was about able to support himself. The court evidently felt that she had a better claim to the house than he did and that it would be worth $5,000 to her. We find no abuse of discretion.

Judgment affirmed. Costs to respondent.

McDONOUGH, CROCKETT and HENRIOD, JJ., concur.

WOLFE, Chief Justice (concurring).

I agree that the judgment of the lower court upon which he based his division of the property and in regard to which various factors were weighed against each other was not such that it could be classed as arbitrary. I further agree that the lower court "evidently felt that she had a

better claim to the home than he did" but I cannot agree that the court concluded "that it would be worth $5,000 *to her*". (Emphasis mine.) The court's valuation of the home was not based upon what it was worth to Mrs. Lawlor but upon its actual value. The "take away" figure placed on the home by the court, the payment of which by defendant would permit him to take it, could under the evidence, be taken to be its market value. The defendant said he thought the home was worth from $4800 to $5000. That the lower court allowed Mr. Lawlor to pay $5,000 as a condition of requiring her to relinquish the home, which figure was beyond what he could raise, is not an abuse of discretion. That it would result in her keeping the home and in his being compelled to relinquish it, leaves the parties in the same position as if the court had given her the home without any right on his part to acquire it at a price. That would not involve an abuse of discretion under the circumstances of this case, one being that she had been for years the mainstay of the family. Hence, the court's adding a clause permitting him to acquire it at a price not feasible for him could then not be an abuse of discretion.