266 P.2d 1018

**BLOTTER v. BLOTTER.**

No. 8075.

Supreme Court of Utah.

Feb. 18, 1954.

Bullen & Olson and E. F. Ziegler, Logan, for respondent.

Curtis E. Calderwood and H. A. Sjostrom, Logan, for appellant.

WADE, Justice.

Plaintiff and defendant married May 11, 1932, and now have three sons—age nineteen, fifteen and thirteen years. On April 9, 1938, plaintiff was awarded a divorce but the court ordered that the decree should not become final until further order of the court. After the interlocutory decree was granted the parties lived together and two sons were born and they accumulated a home, some household furniture and fixtures and other property. On September 24, 1952, some fourteen years after the·interlocutory decree, plaintiff petitioned the court to dismiss the action. After a hearing on December 3, 1952, the court vacated that decree, and granted defendant leave to file an answer and counterclaim. This he did on January 12, 1953, wherein he asked for a divorce on the ground of cruelty, and that he be awarded the accumulated property. This plaintiff resisted alleging condonation and recrimination praying that the counterclaim be dismissed.

On the trial the court found both parties partly to blame but awarded defendant a divorce. On their election the three children were awarded to the plaintiff, he was ordered to pay her $35 per month for each of the children during its minority except that during the three summer months when they were not in school this was reduced to $25 for each child, and she was awarded $25 per month alimony and attorney's fees and back temporary support money. The home was awarded to plaintiff and defendant as tenants in common with possession and use in her until the youngest child

352

reaches his majority at which time the home will belong to the two of them in equal shares; in the meantime he was ordered to pay the taxes and maintain the outside of the home and pay the balance of a mortgage thereon when three lots and an automobile has been sold and the proceeds applied thereon.

Neither party has appealed from the divorce decree but the defendant appeals from the judgment dividing the property and awarding her support money and alimony. He contends that the facts which the court found against him are contrary to the evidence and that the court abused its discretion in awarding her so much of the property, alimony and support money.

From a careful study of the evidence we conclude that the court's findings of fact are in accord with the evidence and that there was no abuse of the court's discretion.[1] Here is a situation where it seems useless to continue the marriage. The husband has moved away from the home and insists on being divorced, the wife, while objecting to the way he has treated her, is willing to continue living together in order to save money and so that the children may associate with both of their parents. The court finds neither party free from blame. Although the bulk of the property goes to her, she and the children still will not be as well provided for under the separation as they would have been had the divorce been denied and the parties maintained their home and family life together. We find no abuse of discretion in this disposition of the property and award of alimony and support money.

Affirmed. Costs to plaintiff.

McDONOUGH, CROCKETT, and HENRIOD, JJ., and TUCKETT, District Judge, concur.

WOLFE, C. J., being disqualified does not participate herein.

---

1.  See Lawlor v. Lawlor, Utah, 240 P.2d 271; MacDonald v. MacDonald, Utah, 236 P.2d 1066.