331 P.2d 821

**Nita MARTINETT, Plaintiff and Respondent,**

v.

**Cecil J. MARTINETT, Defendant and Appellant.**

**No. 8820.**

Supreme Court of Utah.

Nov. 7, 1958.

17. Ibid, p. 769.

L. G. Bingham, Ogden, for appellant.

Richards, Alsup & Richards, Ogden, for respondent.

CROCKETT, Justice.

Defendant seeks readjustment of property awards made in a divorce decree. He does not question the existence of grounds, nor the propriety of granting the divorce to the plaintiff. The only issue presented relates to his charge that the disposition of the property of the parties is so inequitable and unjust that it manifests an abuse of discretion that should be corrected.

 We are in accord with the postulate advocated by the defendant that divorce proceedings being in equity, this court will review the evidence and may substitute its judgment for that of the trial court if circumstances warrant doing so.[1] Nevertheless, it is firmly established in our law that the trial judge will be indulged considerable latitude of discretion in adjusting the financial and property interests of the parties; conversely, however, if there is such serious inequity as to manifest a clear abuse of discretion, this court will make the modification necessary to bring about a just result.[2]

The parties were married in 1924, 33 years before their separation resulting in this divorce, although plaintiff had commenced proceedings toward a divorce on

1. MacDonald v. MacDonald, 120 Utah 573, 236 P.2d 1066.

2. Wilson v. Wilson, 5 Utah 2d 79, 296 P.2d 977.

two prior occasions. In view of the fact that there is no contest as to the sufficiency of grounds, it is not necessary to dwell upon the tribulations which resulted in the disruption of the marriage. During the past few years, since the defendant has been unable to work, his eccentricities, aggravated by the infirmities of age and enforced idleness, became accented to the point where the parties were unable to surmount them, and further living together proved intolerable. Grounds for divorce being established, it was in accordance with the trial court's duty and prerogative to grant plaintiff a divorce and to endeavor to make an equitable adjustment of the economic resources of the parties so they could arrange their lives separately on the best possible basis for future happiness. Consistent with this objective we have stated in Wilson v. Wilson[3] the matters properly to be taken into account, to which the court apparently gave full consideration in the instant case.

In a case such as this, where the parties have spent substantially their adult lives together, and the trouble between them has seemed to come largely from inability to make adjustments to ill health and advancing years, the matter of considering relative guilt or innocence in bringing about the divorce was properly considered by the trial court as minimal insofar as bearing on their property rights.

No children were born to them, but they have raised two children of the plaintiff's sister, who died at childbirth, leaving an infant daughter and a boy four years old. The difference in their ages is important: the plaintiff is 52 and in fairly good health; she is, and for some years has been, employed at Hill Field Air Base at which she earns $110 "take home pay" each two weeks. The defendant is 67 and his health is poor; he has a bad lung condition caused by paint spraying he followed for some years, and also has an ailing heart; he is not able to work and has not worked regularly since 1953; he receives a veteran's disability payment of $78.75 per month and a retirement payment of $74 per month, totaling $152.75. Offsetting the fact that his income is more certain, while she has to earn hers, is the fact that she is younger, in better health and able to take care of herself, and is only eight years away from a right of retirement.

In addition to their respective incomes just referred to, their principal assets are: a farm and home in South Weber valued at about $18,000, and a home in South Ogden valued at about $8,000. The court awarded the farm to the plaintiff, in connection with which she assumed and is paying a debt which was $1,800 at the time they separated; the home in South Ogden was awarded one-half to each. Other assets were awarded thus: to plaintiff: the

3. 5 Utah 2d 79, 296 P.2d 977.

household furniture, one 1952 Studebaker car, one-half of a $414 tax refund check. To the defendant: one-half the tax refund check; one Chevrolet truck and a $500 insurance policy.

■ Without burdening this opinion with the detail thereof, analysis of the various factors proper to consider indicates that wherever one seems to favor one party, it is offset by one favoring the other, so that there is really not much reason to favor one over the other to any great extent. Giving the plaintiff most of the family estate may have resulted from the court regarding it as an award in lieu of alimony. Such a viewpoint would hardly be justified in this case. It should be kept in mind that the authority from which orders as to alimony, support money, and disposition of property is derived is Sec. 30–3–5, U.C. A.1953, which provides that when a divorce decree is entered, "The court may make such orders in relation to the * * * property * * * and the maintenance of the parties * * * as may be equitable * * *." It is important to note that this statute makes no distinction between the spouses. It does not contemplate, nor should there be, any discrimination or inequality in such awards on the basis of sex. They may be made in favor of either spouse, and should be based upon the needs of the parties and the equities of the situation being dealt with.

■ This point of view just expressed is significant here because the plaintiff seems to be the more aggressive of the two; and certainly is in a better position to fend for herself. Her steady work and the resulting financial independence indicates that she is partaking of the general emancipation of women which has been taking place in various ways in recent years, including their entrance into nearly all fields of endeavor. The resulting self-reliance and release from economic dependence upon husbands has produced its toll in divorces from basically maladjusted and unhappy marriages. Whether this is good or evil we are not called upon to say. It is simply something which we who administer the law must recognize and deal with under the law as it exists, but always aware that it must be constantly adjusting itself to changing conditions and the needs of society. In cases such as the instant one the ancient idea of the husband as the pater-familias, or the lord and master, is outmoded and unrealistic. It is necessary to so apply the law as to do justice between them on the basis of a realistic appraisal of their circumstances and the problems each must confront.

Another aspect of the situation which seems to have had some influence upon the trial court in making the small award of property to the defendant was the fact that he is so much older than the plaintiff

and in poor health. The defendant himself testified:

"My heart is gone, my wind is gone, my legs are gone, all I'm waiting for is to die."

which view seems to have been shared by the trial court. In his statement at the conclusion of the trial he said:

"My guess is that * * * he is not going to live long * * * will have to be with somebody most of the time * * * a nursery care situation."

The fact that the defendant is old and infirm is no sound reason for depriving him of whatever is fair and just of the property built up by a lifetime of effort. It is not doubted that he did not conform his manner of living and habits to the desires of the plaintiff, and that in their disagreements he may have been somewhat ornery and cantankerous of disposition, particularly in recent years. Equally undoubted, however, is the fact that he had always been a good worker and of frugal habits, and that he had been fond of and kind to the children. It seems to us that he is not entirely without justification in regarding the property award as so disproportionate to his desserts that it is poor reward for his long years of effort in contributing to its accumulation. He admits, however, that the income he has should be sufficient for his needs if properly managed.

With due deference to the conscientious efforts of the trial court to make a fair and equitable adjustment between these parties, which he accomplished in the main, we are nevertheless, of the opinion that inasmuch as the parties owned two homes, the defendant should have been awarded at least the one of lesser value. The decree should be modified to give him the home in South Ogden. In all other respects it is,

Affirmed. The parties to bear their own costs.

McDONOUGH, C. J., and WADE, WORTHEN, and HENRIOD, JJ., concur.