397 P.2d 987

**Maxfield C. WHITEHEAD, Plaintiff and Appellant,**

v.

**Anna Shaw WHITEHEAD, Defendant and Respondent.**

**No. 10064.**

Supreme Court of Utah.

Jan. 4, 1965.

Dansie, Ellett & Hammill, Murray, for appellant.

Leland S. McCullough, Salt Lake City, for respondent.

McDONOUGH, Justice.

From a divorce granted the defendant wife on her counterclaim plaintiff appeals. He makes no complaint about granting her the divorce. His attack upon the decree is that awarding her a lump sum of $10,000 in lieu of alimony is so inequitable and unjust that it represents an abuse of discretion which should be corrected.

The parties were married in December, 1957, a second marriage for both.. She was 32; he was 38. They separated in April, 1962. Plaintiff had three children from his prior marriage to whose support he is required to contribute. Defendant is a school teacher and was so employed all during the marriage and has adequate income for her needs. Plaintiff was engaged in the contracting business, but more recently has taken a job also providing sufficient income for his own support. A plethora of figures concerning the financial affairs of these parties has been churned up,

the detail of which we will spare in this opinion. These facts are salient and significant. According to their income tax returns, during the period of the marriage, the plaintiff had total net earnings of around $9,000, and contributed a total of about $5,500 to the support of his family; whereas, the defendant had net income of about $23,000, all of which she spent on family living expenses, so that she was in effect helping to support the plaintiff and his former family.

The court found that the plaintiff, as of October, 1960, had a net worth of $125,000; that thereafter he purchased and owned at the time of the trial 30,000 shares of King Oil Company stock, which had a value of 40 cents a share, or $12,000; and that the value of his assets had increased during the marriage. Although the marriage was of comparatively short duration, the trial court appears to have taken into account all of the factors proper to consider in such circumstances in an attempt to arrive at a fair and equitable adjustment of the property rights of the parties. See Wilson v. Wilson, 5 Utah 2d 79, 296 P.2d 977 and cases therein cited.

██ Due to the prerogatives reposed in him under the law and to his advantaged position, the trial judge must necessarily be allowed a wide latitude of discretion in such matters, and his judgment should not be changed lightly, nor at all unless under the fact shown by the evidence it works a manifest inequity or injustice. See Lawlor v. Lawlor, 121 Utah 201, 240 P.2d 271. We are not so persuaded here.

Affirmed. Costs to defendant (respondent).

CROCKETT, WADE and CALLISTER, JJ., concur.

HENRIOD, Chief Justice (dissenting).

I respectfully dissent. The main opinion somewhat inordinately emphasizes the facts in favor of Mrs. W., without any countervailing emphasis or recitation of uncontroverted facts that water down such emphasis. These people were middle-aged and it appears that Mrs. W. was better able to support herself before, during and after the comparatively short marriage. The record fairly reflects little conjugality but a convenient and more economical billeting arrangement. Under the circumstances of this case, it would seem inequitable to adjust alimony on what appears to be an award out of proportion to the letter and spirit of our statute governing the situation.[1]

To say a trial court has a wide latitude of discretion in such matters is a platitude that obtains in most cases, but does not justify a judicial trip around the Horn. I

1. Title 30-3-3, Utah Code Annotated 1953.

can see little justification in awarding $10,-000 to Mrs. W. simply because Mr. W. had some assets, where the distaff member not only had assets and more income, more future security, but a disposition to share only board, not bed,—such that I believe there resulted here a unilateral inequity.