488 P.2d 308

**Max E. HARDING, Plaintiff and Appellant,**

**v.**

**Bernice G. HARDING, Defendant and Respondent.**

**No. 12297.**

Supreme Court of Utah.

Sept. 1, 1971.

Leland S. McCullough, Salt Lake City, for plaintiff-appellant.

Dansie, Ellett & Hammill, Don E. Hammill, Murray, for defendant-respondent.

CROCKETT, Justice.

Plaintiff, Max E. Harding, appeals from an order that reduced his alimony payments from $250 to $200 per month. He contends that the reduction was too small; and that due to change in circumstances since the divorce it was inequitable and unjust for the court to refuse to reduce the alimony to $100 per month in accordance with his petition.

The parties married in 1942; have reared four children, two married, and a son Philip (now 24), and a daughter Vicki (now age 20) at home. After 27 years of marriage, in 1969 plaintiff Max commenced the divorce proceeding. His wife counterclaimed and the divorce was granted to her.

The decree awarded the defendant Bernice the family home appraised at $18,750, subject to a mortgage of $5,700 which she was to assume and pay, together with most of the furniture and furnishings; an insurance policy having a value of about $1,000, and an interest in the plaintiff's profit-sharing plan with his employer,

Sears, Roebuck & Company. He had a good work record with that company as a salesman for approximately 24 years, and his monthly take-home pay of about $715, plus $65 partial disability pension from the Veterans Administration. Defendant had a job as a receptionist for Granite School District from which she received $210 monthly take-home pay. The family cars, and other items not necessary to detail here, were divided. The plaintiff Max was ordered to pay family debts in the amount of about $2,000, including $500 on his automobile. He was required to pay defendant Bernice $250 per month alimony, which was to continue until the mortgage on the home was paid off, and then reduced by the $97-per-month payment. No appeal was taken therefrom. We therefore assume that the decree made a fair and equitable disposition of their property and allocation of their respective incomes in the light of the proper factors to be considered.[1]

A few months after the divorce, the plaintiff decided to transfer from the washer-dryer department as a salesman on commission to a job as manager in the sewing machine division. This reduced his take-home pay to $540 a month. There is testimony that in spite of the immediate reduction in salary, which it would take him from two to five years to regain, for various reasons, including certainty of salary and opportunity for advancement, it would prove to be a good decision in the long run. During the same period defendant got a net increase of $20 in her take-home pay.

Shortly after the plaintiff changed jobs, and 10 months after the divorce, he contacted the defendant to request a reduction in the alimony. There was a disagreement, or perhaps better stated, a quarrel concerning which each accuses the other of unseemly behavior. This led to this proceeding initiated by plaintiff to modify the decree.

■■ In conjunction with his urgence that the changes in income above stated rendered it mandatory upon the trial court to reduce the alimony by $150 a month, the plaintiff includes the argument that the trial court improperly took into consideration the fact that the son Philip (now age 24) and the daughter Vicki (now age 20), to whom he no longer has a legal duty to support, are residing in the family home with the defendant.

These observations have a bearing upon the above stated contentions of the plaintiff: The courts do not generally look with favor upon the attempt of a party to voluntarily reduce his income and then use that as a basis to seek a reduction in alimony or support money, and thus place the bur-

1. Pinion v. Pinion, 92 Utah 255, 67 P.2d 265; MacDonald v. MacDonald, 120 Utah 573, 236 P.2d 1066.

den of such reduction on the other spouse, who is unable to participate in the decision. It is appreciated that this is not an inflexible rule and that its application may depend upon particular fact situations.

As to plaintiff's point concerning support of the adult children: It is true that neither the plaintiff nor the defendant has any legal duty to support them; and that it would be improper for the court to make any order so directing the plaintiff. Nevertheless, as a practical matter, it is to be realized and indeed to be hoped, that the love and affection between parents and children continue; and the same is true of the interfamilial moral responsibilities. Correlative to this is the fact that the defendant is entitled to spend the money awarded to her as alimony in any lawful manner she sees fit without any control or dictation from the plaintiff or anyone else. While it is true that the law does not impose upon her the legal obligation to support the adult children neither does it require that she turn them out of her home to adjust to the ideas of her former husband. In making his determination the trial court is well advised in taking an over-view of the whole situation, a perfectly legitimate part of which is the household as maintained by the defendant for the benefit of the family.

This proceeding seeking to modify the divorce decree is in equity; and it is the prerogative of this court to review the evidence, to make its own findings, and to substitute its judgment for that of the trial court when the ends of justice so require.[2] However, due to the prerogatives and advantaged position of the trial court, we pursue that broad authorization under certain rules of review which are now well established: Its actions are indulged with a presumption of validity and correctness and the burden is upon the appellant to show a basis for upsetting them: either (1) that findings have been made when the evidence clearly preponderates the other way;[3] or (2) that there has been a misunderstanding or misapplication of the law resulting in substantial and prejudicial error;[4] or (3) that it appears plainly that there has been such an abuse of discretion that an inequity or injustice has resulted.[5]

Considering the case as here presented in the light of the foregoing rules, we are

2. Utah Constitution, Art. VIII, § 9, providing for appeals " * * * in equity cases the appeal may be on questions of both law and facts; * * *."; and see Wiese v. Wiese, 24 Utah 2d 236, 469 P. 2d 504.

3. Stanley v. Stanley, 97 Utah 520, 94 P.2d 465.

4. Martinett v. Martinett, 8 Utah 2d 202, 331 P.2d 821.

5. Hendricks v. Hendricks, 91 Utah 553, 63 P.2d 277; Lawlor v. Lawlor, 121 Utah 201, 240 P.2d 271.

not persuaded that there is any such transgression of the plaintiff's rights as to justify our changing the trial court's order. This also applies to plaintiff's objection to the award of $100 attorney's fee to the defendant, which, under the circumstances, impresses us as being modest enough.

Affirmed. Costs to defendant (respondent).

CALLISTER, C. J., HENRIOD and TUCKETT, JJ., and MARCELLUS K. SNOW, District Judge, concur.

ELLETT, J., having disqualified himself, does not participate herein.