Carol B. HUMPHREYS, Plaintiff and Appellant,

v.

Gary L. HUMPHREYS, Defendant and Respondent.

No. 13445.

Supreme Court of Utah.

March 12, 1974.

Pete N. Vlahos, Ogden, for plaintiff and appellant.

Roger S. Dutson, Ogden, for defendant and respondent.

CROCKETT, Justice:

Plaintiff Carol B. Humphreys appeals attacking only those portions of a divorce decree which (1) awarded defendant husband custody of their four-year old (now five) son, and (2) made what she contends is an inequitable disposition of their property.

The marriage of the parties in July of 1965 was a second marriage for both. The plaintiff had two children, ages eight and six, and the defendant three, ages eight, six and three; (now all are nine years older); and they have one son Joe Darin, age now five years, issue of this marriage. The marriage lasted eight years. But it appears to have been in difficulty for a considerable time, perhaps nearly from the beginning. It would serve no useful purpose to detail the troubles which lead to the regrettable, but what appears to be inevitable, conclusion of divorce, which neither party now questions.

The matter of the gravest concern to the parties, the trial court, and this court, is the custody of little Joe Darin. In contending that the trial court abused its discretion in failing to award her his custody, plaintiff quotes in her brief and places reliance on Sec. 30-3-10, U.C.A.1953, as it formerly read:

> In any case of separation of husband and wife having minor children, *the mother shall be entitled to* the care, control, and *custody of all such children*; . . . if it shall be made to appear to a Court of competent jurisdiction, that the *mother is an immoral, incompetent, or otherwise improper person,* then the Court may award the custody of the children to the father or make such other order as may be just. [Emphasis added.]

It is significant to observe that that section was amended by Chapter 72, S.L.U. 1969, by deleting the provision requiring that the mother be "an immoral, incompetent or otherwise improper person . . ." as a condition precedent to awarding custody to the father. In the place of the above quoted language, that section now provides:

> In any case of separation of husband and wife having minor children, or whenever a marriage is declared void or dissolved the court shall make such order for the future care and custody of the minor children as it may deem just and proper. In determining custody, *the court shall consider the best interests of the child* and the past conduct and demonstrated moral standards of each of the parties *and the natural presumption that the mother is best suited to care for young children* . . .. [Emphasis added.]

The effect of this change is to minimize the often ill-advised and abortive attempts to besmirch the mother in order to obtain custody of children; and to enlarge the discretion of the trial court to act in the best interests of the child.[1] Yet it retains the guideline concerning the natural presumption favoring the mother's care for young children.

1. Cf. Walton v. Coffman, 110 Utah 1, 169 P.2d 97, and see Baker v. Baker, 25 Utah 2d 337, 481 P.2d 672.

What we have said above about not unduly burdening this opinion nor besmirching the parties with their tribulations and frailties is applicable on this issue. However, because it is so unusual to grant custody of a four-year old child (now five) to the father, we make this summary observation: There appears to be an adequate basis in the evidence for the trial court's conclusion that because of the somewhat erratic and immature conduct of the plaintiff; and the comparatively more mature and satisfactory home situation of the defendant and his children, there seems to be a sufficient justification for the order of custody made as being in the best interest and welfare of the little boy. It is also appropriate that the plaintiff is given such rights of visitation as can practically be arranged; and concerning which both parties must exercise a high degree of forbearance and cooperation for the benefit of each other, and more especially for their little son. It is also worthy of note that the matter of custody of a minor child is never an absolute and permanent thing, but is subject to review and possible change or modification if changing circumstances should so warrant.

We turn to the problem of the arrangement of the property rights. In view of the decree as to custody, the court made no order as to support money; and similarly awarded no alimony. The plaintiff complains of inequity in the division of the personal property: the family automobiles, boat, trailer and furniture. We are not sufficiently impressed with that contention to be much concerned. But with respect to the family home in Roy, Utah, which is the principal asset they acquired during the marriage, we have concluded otherwise.

The home was purchased by the parties in 1968 under a contract to pay $16,500. The plaintiff claims that the down payment was $3,400 she received from the sale of a previously owned home. Defendant concedes $3,000 of this. The trial court found its present value to be about $25,000. Against this there is a first mortgage of about $11,000; second mortgage $1,800; an IRS tax lien $1,700; and the parties owe various debts, which need not be detailed here, aggregating between $5,000 and $6,000.

The defendant is a brick mason and contractor. He has a very substantial earning capacity of $10,000 to $20,000 per year. The plaintiff was previously employed at the Ogden Defense Depot where she continued to work for two years after the marriage. She has a substantially less earning capacity, but is capable of self-support. From the evidence it appears that it should be assumed, as each party contends, that during the marriage each contributed his entire efforts and income to the family enterprise and what property they accumulated.

The decree directs that the home shall be sold and the proceeds be applied: to the payment of the mortgages and liens above set forth; then to any judgments against the parties; $400 to the attorneys for each; then to the payment of debts; and finally that any amount remaining be divided equally between them.

In their briefs and arguments both parties remind us of those aspects of the usual rules of review in divorce proceedings which would favor their respective contentions. We note our awareness that it is both the duty and prerogative of this court in equity cases to review the facts as well as the law.[2] But as we have heretofore stated:

> . . . it is firmly established in our Law, that the trial judge will be indulged considerable latitude of discretion in adjusting the financial and property interest of the parties; conversely, however, if there is such a serious inequity as to manifest a clear abuse of discretion, this court will make the modification necessary to bring about a just result.[3]

2. Utah Const. Art. VIII, Sec. 9; see Wiese v. Wiese, 24 Utah 2d 236, 469 P.2d 504; Harding v. Harding, 26 Utah 2d 277, 488 P.2d 308.

3. Martinett v. Martinett, 8 Utah 2d 202, 331 P.2d 821.

■ Upon our consideration of the total picture as shown by this record, in the light of the factors appropriate to be considered in such situations,[4] it is our conclusion that it would be equitable and just that the plaintiff's $3,400, which was used as a down payment to purchase their family home, should be reimbursed to her; and that it should be a preferred claim on the proceeds realized from the sale, with a priority just following those claims which are liens on the property: that is, the two mortgages and the tax lien; and that after they are paid, the plaintiff should be reimbursed her $3,400 before the payment of the other debts and obligations, which latter should then be paid, and then equal division of any remainder, as directed by the decree. Except for this modification, the decree is affirmed. The parties to bear their own costs.

CALLISTER, C. J., and HENRIOD, ELLETT and TUCKETT, JJ., concur.

---

4. See Pinion v. Pinion, 92 Utah 255, 67 P.2d 265; MacDonald v. MacDonald, 126 Utah 573, 236 P.2d 1066.