**John F. LEFTWICH, Plaintiff and Appellant,**

**v.**

**Jeanine F. LEFTWICH, Defendant and Respondent.**

**No. 14220.**

Supreme Court of Utah.

April 23, 1976.

**448**

E. H. Fankhauser, of Cotro-Manes, Warr, Fankhauser & Beasley, Salt Lake City, for plaintiff and appellant.

Ray H. Ivie, of Ivie, Young & Stott, Provo, for defendant and respondent.

HENRIOD, Chief Justice:

Appeal from a judgment in a divorce case, where after an amendment in the pleadings and proof reducing the amount of a previous award, and favoring appellant in such amendment with respect to property and money payments, he nonetheless appealed. Affirmed with no costs on appeal assessed.

The parties married in 1950. About seven months later came their first child. A divorce followed in April 1952, followed by another child in July 1952, followed by a resumption, without benefit of marriage, of the bed and board bit, followed by the purchase jointly of a home, followed by another child in November 1954, followed by a marriage ceremony in 1956, followed by recording of the deed to the house as husband and wife, who were not that at the time of the purchase, after which another child was born in 1961. Three and a half years later they separated and Mr. L. sued for a divorce, and Mrs. L. countered, won, got a property and alimony award. Mr. L. now says: 1) The decree was inequitable, 2) exceeds the sort of dowered theory of one-third to the woman and two-thirds to the man syndrome, and 3) anyway the decree otherwise was inequitable.

The one-third, two-third computer complex seems to be the thrust of this case. The computer may be accurate mathematically, but this court has a different set of logarithms. The decision of the trial judge, — who was malleable enough to soothe the pain somewhat of Mr. L., appellant, — by reducing the amount of the award on the latter's motion, but which did not comport to, but exceeded the one-third, two-third number we think was correct. This does not distiguish such philosophy to such a degree as to overrule our previous pronouncements to the contrary.

An examination of this record constrains us to sustain the trial court and to say that the evidence, looked at favorably to respondent, reflects neither violence to the factual atmosphere nor abrasive judicial wisdom.

ELLETT, CROCKETT, TUCKETT and MAUGHAN, JJ., concur.