Jeannie V. HAMILTON, Plaintiff and Appellant,

v.

Robert Earl HAMILTON et al., Defendants and Respondents.

No. 14456.

Supreme Court of Utah.

March 22, 1977.

Jim R. Scarth, St. George, for plaintiff and appellant.

Harry D. Pugsley, Salt Lake City, for defendants and respondents.

LEARY, District Judge:

Robert E. Hamilton, while married to appellant, acquired as a gift from his father several parcels of farm land located in Millard County, Utah, together with a number of shares of water stock and a variety of farm equipment. Title was recorded solely in his name. Appellant and her husband moved from California to Utah and resided upon and farmed this property until appellant, disenchanted by the conduct of her husband, commenced an action of divorce against him in May of 1969. Later in May of that same year appellant returned to California to reside.

On December 8, 1969, appellant was awarded an interlocutory decree of divorce and the Court stated that such would be a final order except as to the real property, including the water stock and equipment that goes with the farm. The decree of divorce was signed April 14, 1970, and purported to order that the real property standing solely in the name of Robert E. Hamilton, and other real property owned by the parties and fifty shares of water stock "should remain in joint ownership as tenants in common until the court, by further order, directs distribution or division of said property." The real property mentioned in the decree had never been in joint tenancy or co-tenancy. Appellant did not record a lis pendens or a homestead declaration and was not in possession of the real property after May of 1969.

Between the time of the awarding of the divorce, December 8, 1969, and the signing of the decree of divorce, April 14, 1970, Robert E. Hamilton, representing himself to be "a single man" conveyed to George J. Poulsen by warranty deed dated March 13, 1970, the real property involved in this litigation—such property being only part of the real property recorded and standing solely in his name. Since the time of the conveyance, George J. Poulsen has held legal title to and has claimed possession of said property.

Prior to the purchase of said property, George J. Poulsen inquired of Robert E. Hamilton relative to his marital status, and was told by him that he was a single man, having been previously divorced, and Poulsen in good faith relied upon such representation and had no prior knowledge or notice of the fact that the decree of divorce had not been signed by the judge of the district court in the divorce proceedings.

Appellant brought this action against respondents, George J. Poulsen and Mrs. George Poulsen, his wife, seeking a decree quieting title in appellant to either (1) a one-half undivided interest, or (2) an undivided one-third interest in the subject real property and seeking a judgment against Robert E. Hamilton for delinquent alimony, child support and attorney's fee. Robert E. Hamilton was not served with process and no evidence was presented that he was deceased. The matter was submitted on Motions for Summary Judgment and upon the basis of the facts as set forth hereinabove the trial court concluded that respondent purchased the property in good faith for a valuable consideration and was a bona fide purchaser for value, without notice of the interest, if any, of appellant and that the court has continuing jurisdiction of the divorce action to make such orders as to the remaining property as may be just and equitable. Judgment was entered decreeing

respondent, George J. Poulsen, to be the owner of the subject real property and title was quieted in his name and against appellant. It is from this judgment that appellant appeals.

Appellant contends that the decree of divorce vested in her a one-half interest in the real property conveyed to respondent.

■ Title 30, Chapter 3, Section 5, Utah Code Annotated 1953, gives the court, when a decree of divorce is made, the discretion to make such orders in relation to property as may be equitable. It neither authorizes nor prohibits a party to a divorce action from transferring assets during the pendency of the proceedings. The statute specifically sets forth the stage of the proceeding at which the court may exercise its discretion—and that is "when a decree of divorce is made . . . ." Since the decree of divorce was entered after the conveyance of the property to respondent and since the decree did not vest any title in and to the property in appellant, appellant's claim for relief on this ground is without merit.

■ She also asserts a one-third statutory interest in the realty under the provisions of 74–4–3, Utah Code Annotated 1953. The language of Section 74–4–3, U.C.A. 1953, upon which she relies is as follows: "One-third in value of all the legal or equitable estates in real property possessed by the husband at any time during the marriage, to which the wife has made no relinquishment of her rights, shall be set apart as her property in fee simple, *if she survives him* ; . . ." (Emphasis added.) The interest which appellant asserts is under a section of the statutes entitled "Successions," and relates to the right of a widow in the probate proceedings of the estate of a deceased husband.

In *Gee v. Baum*, 58 Utah 445, at page 452, 199 P. 680 at page 683, this court stated as follows:

> While it is true that under our statute dower by that name is abolished and the wife takes one-third of her husband's real

estate in fee if she survive him, yet, unless she does survive him, she has no interest in his real estate. The interest of the wife, although in fee, is, nevertheless, a mere inchoate interest, and depends entirely upon the condition that she survive her husband. . . .

Appellant is not the widow of respondent Poulsen's grantor. Rather, she elected to seek and ultimately procured a divorce from Robert E. Hamilton. As a consequence, appellant is not entitled to claim a one-third interest in her former husband's realty based upon the provisions of Section 74–4–3, U.C.A.1953.

Conceding as a general rule that a divorce terminates a wife's statutory interest, appellant claims there exists, as a matter of public policy, a correlation between a wife's statutory interest and a property division incident to a divorce; and in not following such public policy, the trial court erred.

■ As we have heretofore held, the basic rule as to the division of properties is that the court should make such orders in relation to property as may be equitable.[1] There is no fixed formula upon which to determine a division of properties and the claim of one third has no basis of law, but merely in custom.[2]

■ The trial court properly held on the basis of the statutes and facts in this case, appellant had not proved any right, title and interest in the realty purchased by respondent. Appellant did not become a widow during the period of her marriage, nor prior to the finality of her divorce. The one-third statutory interest was merely inchoate and disappeared by reason of the divorce. The court still retains jurisdiction of the parties, the water stock, the farm equipment and the remaining real property which it may distribute in a manner which is just and equitable.

Other assignments of error are without merit.

The judgment of the trial court is affirmed.

1. *Martinett v. Martinett*, 8 Utah 2d 202, 331 P.2d 821.

2. *Leftwich v. Leftwich*, Utah, 549 P.2d 447 (1976).

ELLETT, C. J., and CROCKETT and MAUGHAN, JJ., concur.

Justice HENRIOD, who was Chief Justice when the case was heard but has since retired, does not participate herein.