Jean EHNINGER, Plaintiff and Respondent,

v.

Ronald C. EHNINGER, Defendant and Appellant.

No. 14878.

Supreme Court of Utah.

Sept. 13, 1977.

4. 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972).

5. 408 U.S. 845, 92 S.Ct. 2845, 33 L.Ed.2d 744 (1972).

Tel Charlier, Salt Lake City, for defendant and appellant.

Richard M. Day of Meredith, Barber & Day, Salt Lake City, for plaintiff and respondent.

CROCKETT, Justice:

Appellant Ronald C. Ehninger does not question the propriety of granting the plaintiff Jean Ehninger a divorce, but challenges an award to her of $4,000 as a property settlement in lieu of alimony.

The parties were married on March 23, 1975. In just short of a year difficulties had arisen from which this divorce proceeding resulted. We omit any discussion of the fault or lack thereof of either party because the matter is not of sufficient import to have any significant bearing on the issue here. Whatever misfortune there is is ameliorated by these facts: that there are no children born or to be born to bear or share in whatever unhappiness or misfortune has resulted therefrom; and that both of these parties appear to be competent, self-sufficient individuals who are employed and able to make their own ways in the world.

About nine months before their marriage, the defendant bought a house and he and the plaintiff made various improvements in it. During the time of the marriage they both worked: plaintiff's income about $500 and defendant's about $1,300 per month. They maintained separate bank accounts. Both paid their own personal expenses, contributed to a joint savings account, and paid for the groceries and other such current needs. However, defendant made the payments on the home and for new appliances and any major improvements on it.

The trial court awarded the defendant the home with its furniture, appliances and equipment and his insurance policies; and made division of other personal property, about which the parties do not complain.

In arriving at the award of $4,000 to the plaintiff instead of any award of alimony, the main items the trial court discussed and considered were: a $5,000 increase in the value of the home; the defendant's interest in a profit-sharing plan with his employer, Physician's Supply Company, for whom he had worked for fifteen years, which the trial court estimated would have increased in value by at least $3,000 during the marriage; and a settlement due the defendant from a prior divorce was worth about $13,400.

Defendant's argument that the $4,000 settlement is inequitable is essentially thus: that the parties had only been married about a year; that they are both employed and are in all ways self-sufficient; and that after recognizing their error, they should have simply parted to go their separate ways. He further urges that the trial court erred in placing a value upon and making a division of the assets mentioned above, particularly in the value he talked about for the defendant's profit-sharing plan, the purpose of which is for his retirement, which he says will benefit him only at a remote time, when he becomes 65 years of age.

This court has in a number of cases set forth various factors appropriate to con-

sider in making awards in divorce cases.[1] We spare repeating them here, except to say that it appears that the trial court was cognizant of and gave due consideration to them. Notwithstanding the defendant's criticisms of the trial court's discussion of the specific assets of the parties, referred to above, it was appropriate for that court, and for this court on appeal,[2] to survey the total situation of both parties; and to arrive at such arrangement as the interests of justice require, and with the objective in mind of minimizing difficulties and providing the soundest possible foundation for the parties to re-adjust their lives on a happy and useful basis.[3]

Having in mind the significance of all of the factors set forth in the cases above referred to, there are certain aspects of this case which may well have commended themselves particularly to the attention of the trial court.

■ This was a second marriage for the defendant and a first marriage for the somewhat younger plaintiff. The award to him of the home (which admittedly he purchased originally), in which he has a very substantial equity, was the most important material asset. Notwithstanding all of the talk of equal rights for women, the trial court would be justified in taking cognizance of the commonly known fact that in many fields of endeavor there is an unfavorable disparity between the economic potential for women as compared to men. For whatever reason, there is in fact quite a wide difference between the economic status of these parties. He has fifteen years seniority on his job and an income of $1,300 per month. Hers is $500 per month. The court also could have thought that some

other disadvantages may have inured to a young woman whose first marriage ended in divorce.

Upon the basis of what has been said above, the defendant has not persuaded us that he has suffered any such injustice as to warrant our interference with the judgment arrived at by the trial court.[4]

■ Inasmuch as the plaintiff has been put to the necessity of defending this appeal, which we have found to be without merit, it is our opinion that she is justified in her request for a further award of attorney's fees in addition to the modest amount of $200 allowed her in the trial court. Accordingly, this case is remanded to that court for the purpose of determining and awarding her such additional attorney's fees as it finds to be reasonable and proper.[5] Except for that purpose, the judgment is affirmed. Costs to plaintiff (respondent).

ELLETT, C. J., concurs.

WILKINS and HALL, JJ., concur in the result.

MAUGHAN, Justice: (concurring).

Defendant complains of the award because of the short duration of the marriage. Were the circumstances different he might prevail. However, I concur, because here the record sustains the ruling of the trial court. Plaintiff had made substantial contributions in money and labor to the marital estate, which was for the mutual benefit of both parties. There was no inequity in the award of a property settlement, which represented fifty percent of the increase of the

1. *Pinion v. Pinion*, 92 Utah 255, 67 P.2d 265, 267; *McDonald v. McDonald*, 120 Utah 573, 236 P.2d 1066.

2. Utah Const. Art. VIII, Section 9; *Humphreys v. Humphreys*, Utah, 520 P.2d 193 (1974).

3. *Wilson v. Wilson*, 5 Utah 2d 79, 296 P.2d 977; *Hendricks v. Hendricks*, 123 Utah 178, 257 P.2d 366.

4. The trial court is allowed considerable latitude of discretion and its findings and decree will not be overturned unless there has been a clear abuse thereof. See *Whitehead v. Whitehead*, 16 Utah 2d 179, 397 P.2d 987; *Mitchell v. Mitchell*, Utah, 527 P.2d 1359.

5. As to need of evidentiary basis for determining attorneys fees, See: *Butler v. Butler*, 23 Utah 2d 259, 461 P.2d 727; *F.M.A. Fin. Corp. v. Build, Inc.*, 17 Utah 2d 80, 404 P.2d 670.

assets held by defendant during the marriage.