Norman G. CARTER, Plaintiff and Appellant,

v.

Pauline CARTER, Defendant and Respondent.

No. 15158.

Supreme Court of Utah.

Sept. 15, 1978.

---

J. Franklin Allred, Salt Lake City, for plaintiff and appellant.

Phillip V. Christensen, Provo, for defendant and respondent.

CROCKETT, Justice:

In this proceeding, plaintiff Norman G. Carter sought to have his obligation of paying $350 per month alimony to his former wife, defendant Pauline Carter, terminated. Upon a plenary hearing and due consideration of the appropriate factors, the trial court granted his petition only to the extent of reducing the alimony to $100 per month. Plaintiff appeals.

The details as to antecedent facts are not essential to be recited here, except the salient ones stated below. The parties had been married in 1945 and thus, at the time of the divorce in 1976, the marriage had endured for 31 years. They had reared a family of four children, all of whom were of age and independent. At that time, their principal assets were a home worth about $80,000, a mountain cabin worth about $10,000 and household furniture, equipment and other adjunctive assets of the usual character, including an automobile for each.

The plaintiff had worked for the U.S. Steel in Orem for almost 30 years and his yearly salary was about $18,000 and he also had a Veteran's pension of $300 per month. Defendant Pauline was unemployed, though she was qualified to follow her former vocation as a school teacher. The decree made an equitable distribution of the property (about which no complaint is made in this proceeding) and awarded the defendant alimony of $275 per month while she lived in the family home and until it was sold, and thereafter $350 per month.

Ten months later, the plaintiff filed the instant petition to have the $350 per month alimony eliminated. His counsel stated to the court that they made no contention that plaintiff's income or economic status had diminished since the divorce was granted, but that the ground relied on for termination of alimony was that the defendant Pauline had become employed as a school teacher at a monthly salary of $636.27, and that because of that, together with other fixed income of about $150 per month, she has adequate income for her support and that therefore alimony should be eliminated entirely.

It is not difficult to appreciate that the plaintiff desires to be relieved entirely from the payment of alimony. Neither are we insensitive to the fact that there is some merit to his argument that alimony is primarily to provide support for the recipient. But in adjudicating his petition, it is necessary and proper for the court to consider not only his point of view, but all of the factors bearing on the total problem. This includes the effect its determination will have on each of the parties at present, and also in the future; and moreover, how its ruling will harmonize with the underlying policy of the law and thus affect society generally.

One of the important factors is that it should be the policy of the law to encourage one receiving alimony to seek employment.[1] This purpose would not be served if a wife who manifests sufficient initiative and industry to get a job is penalized by having her alimony cut off entirely. In that connection it is also noteworthy that in this case the defendant is 58 years old; and even though she has present employment with a fairly good salary, there is the likelihood that it may not last very long and she would be left without that income and likewise without alimony.

Another matter of significance is that where parties have been married for many years and reared their family, it is natural to assume that the wife has been occupied mainly with taking care of the home and

1. *Porreca v. Porreca,* 8 Ariz.App. 394, 446 P.2d 500 (1968); *Cleaver v. Cleaver,* 10 Wash.App. 14, 516 P.2d 508 (1973). See also *Dehm v. Dehm,* Utah, 545 P.2d 525 (1976).

the family, and thus in comparative isolation from the competitive world, while the husband has been out in it earning a living. He therefore has the advantage of the training, experience and seniority which normally gives him the greater earning potential. Nonetheless, whatever degree of financial success and standard of living they have attained should properly be regarded as a result of their joint efforts. Consistent with this view and in accord with the determination made by the trial court in this matter, it would seem to be manifestly unfair to eliminate the alimony entirely and in effect turn the wife out to fend for herself.

Correlated to the above is the fact that upon consideration of all of the circumstances, the trial court did grant the plaintiff substantial relief by reducing his obligation to pay alimony from $350 to $100 per month.

This Court has often stated that due to the responsibilities imposed on the trial judge in such matters, and to his advantaged position, he should necessarily be allowed considerable latitude of discretion.[2] The question as presented to this Court is not whether any other judge, or any justice of this Court, would have arrived at exactly the same solution. But rather, the question is whether the trial court arrived at a solution which is within the bounds of reason and discretion so that no substantial injustice resulted. In applying that standard of review to the circumstances, we are not persuaded that the trial court so abused its discretion that its findings and order should be upset.

There is an additional matter which deserves attention. In regard to the proceeding below, the trial court ordered that the parties bear their own costs and attorneys' fees,[3] which ruling neither party has contested here. However, the defendant argues that inasmuch as the plaintiff was unwilling to abide by the trial court's judgment, and that she has been put to the necessity of defending this appeal, the plaintiff should have to bear the costs thereof, including reasonable attorney's fees for her counsel. We agree with the reasonableness and propriety of her request.[4] Therefore, the case is remanded for the purpose of determining and awarding her such attorney's fees as the trial court finds to be reasonable and properly incurred on this appeal. Costs to defendant (respondent).

ELLETT, C. J., and WILKINS and HALL, JJ., concur.

MAUGHAN, Justice (concurring and dissenting):

With the principal part of the main opinion I concur. However, I dissent from the rationale used to support the award of costs and attorney's fees, on appeal, to defendant, viz., because plaintiff was unwilling to abide by the trial court judgment. Such a rationale appears to me to be *in terrorem.*

---

2. *Whitehead v. Whitehead,* 16 Utah 2d 197, 397 P.2d 987 (1965).

3. That the trial court did not abuse its discretion since plaintiff was successful in having the alimony reduced, see 2 Nelson, Divorce and Annulment, Section 17.37 (2d Ed. 1961).

4. See *Ehninger v. Ehninger,* Utah, 569 P.2d 1104 (1977).