Betty Verdell BERRY, Plaintiff and Respondent,

v.

Lewis Dale BERRY, Defendant and Appellant.

No. 17165.

Supreme Court of Utah.

July 30, 1981.

Roger D. Sandack, Salt Lake City, for plaintiff and respondent.

Allen K. Young, Provo, for defendant and appellant.

HOWE, Justice:

Lewis Dale Berry (defendant) appeals from an amended decree of divorce entered in an action initiated by his wife, Betty V. Berry (plaintiff). He contends that the trial court made an unreasonable order of payment relating to the division of a partnership interest between the parties.

Following a trial to the court the plaintiff was awarded a decree of divorce, $300 per month alimony, one-half of the net equity of the parties in their house which property was ordered to be sold, and a one-half interest in the defendant's one-third interest in Berry Brothers Farm, a farming partnership composed of the defendant and two of his uncles. The court found that the one-sixth interest awarded to the plaintiff had a value of $42,000 and in the decree gave defendant the option to pay her that amount in equal monthly installments over a period to be determined by him, not longer than ten years, with interest on the unpaid balance at the rate of 12% per annum.

Shortly after the decree of divorce was signed and entered, the plaintiff moved to amend it to require that the defendant pay to her $42,000 according to the terms of the option contained in the original decree. The trial court granted the motion and amended the decree to provide that the plaintiff should have a judgment against the defendant for $42,000 if he did not, within 30 days, elect to pay her that amount in monthly installments as mentioned above.

There is no fixed formula which a trial judge must follow in making a division of properties. *Cox v. Cox*, Utah, 532 P.2d 994 (1975). It is the prerogative of the court to make whatever disposition of property it deems fair, equitable and necessary for the protection and welfare of the parties. *Hamilton v. Hamilton*, Utah, 562 P.2d 235 (1977). Its division will not be disturbed on appeal unless the record shows that there has been an abuse of discretion. *Jesperson v. Jesperson*, Utah, 610 P.2d 326 (1980).

Defendant contends that the amended decree is inequitable because if plaintiff obtains a judgment against him for the value of her partnership interest, she could attach his share of the proceeds from their home when it is sold, leaving him with only the undivided one-third interest in the partnership. It is a part-time farming operation which produces little or no income. In many years a loss is realized by the partnership which is equally shared by the partners on their individual income tax returns. If defendant elects to pay her in installments he will encounter another problem. His net income per month is $1,201. After subtracting $300 per month alimony and about $600 per month to service the $42,000 purchase, he will be left with $301 to live. The plaintiff's employment provides her with a net income of $500 per month plus commissions ranging from $25 to $150 per month. With an additional $300 alimony and $600 partnership payment, her income would be in excess of $1400 per month.

We commend the efforts of the trial judge to fashion a means by which the plaintiff's interest in a partnership composed of her divorced husband and members of his family might be liquidated. It would be beneficial to both parties to have her entirely severed from that operation. The difficulty, however, in making that severance is that there appears to be no market for the fractional partnership interest. The other partners are the only logical purchasers. In attempting to solve this problem, the trial judge endeavored to create a market for the plaintiff's interest by requiring the defendant to purchase it. Because of his financial condition, we find that this was an abuse of discretion. The order requiring the defendant to purchase her inter-

est is unfairly weighted in her favor and creates a burden upon him which he should not be expected to bear at this time under present circumstances.

■ Plaintiff suggests that the judgment and order of purchase imposed on the defendant should not create a hardship because he may be able to persuade the other partners to sever the real property of the partnership which consists of approximately 1100 acres of land, and sell the severed portion to satisfy the plaintiff's interest. We commend that suggestion to the defendant but cannot impose it upon him as an obligation inasmuch as under our partnership laws, § 48–1–22(2)(b) and (c), U.C.A.1953, neither plaintiff nor defendant can force a sale of specific partnership property.

■ We conclude that it is inequitable to award the plaintiff a judgment against the defendant for the value of the fractional partnership interest awarded to her, and that it is also inequitable to require him to purchase her interest on the terms imposed by the trial court. If and when the defendant's net income materially increases (whether by salary increases or by the payment of his credit union obligation of $250 per month) or other circumstances materially change (such as a reduction of his debts) the trial court under its continuing jurisdiction may again examine the problem. Section 30–3–5, U.C.A.1953.

The amended decree is reversed insofar as it awards the plaintiff a judgment against the defendant unless he agrees to purchase her interest in the partnership. Each party to bear his or her own costs.

HALL, C. J., and STEWART and OAKS, JJ., concur.

MAUGHAN, J., heard the arguments but died before the opinion was filed.