**Alice Fawn Todd WORKMAN, Plaintiff and Respondent,**

v.

**Joseph LeRoy WORKMAN, Defendant and Appellant.**

**No. 17804.**

Supreme Court of Utah.

Aug. 25, 1982.

---

Phil L. Hansen and David A. Hansen, Salt Lake City, for defendant and appellant.

William J. Cayias, Salt Lake City, for plaintiff and respondent.

OAKS, Justice:

In this appeal from a division of marital property in a divorce, the husband contends that the trial court (1) committed an error of law regarding the title to certain real property, and (2) abused its discretion by failing to make an equitable division of the marital property.

The parties were divorced after a childless marriage of approximately thirteen years. Neither party was employed at the time of the divorce; the husband, disabled by a heart condition, was receiving a pension of $526 per month.

The district court awarded the wife the automobile in her possession, various items of personal property, certificates of deposit totalling over $30,000, stock valued at approximately $400, $800 in delinquent alimony pursuant to a previous award of temporary alimony, and a one-half interest in the parties' Park City home. The husband was

awarded the automobile in his possession, various items of personal property, a motorhome, a motorcycle, $8,000 he had previously withdrawn from the parties' savings account, a one-half interest in the Park City home, and, by implication from the fact that no alimony was awarded, his pension.

The husband challenges only the division of the Park City home. Shortly after the parties were married, they sold the wife's home in Heber City and with the proceeds purchased the Park City home from the husband's mother by paying her $1,500 and paying the State of Utah $4,500 to extinguish its lien on the property. The husband's mother delivered a warranty deed to the parties as joint tenants.

The value of the home was disputed at trial. A professional appraiser valued the property in 1980 at $119,360, but the husband testified at trial that he had received three offers, one for $70,000, one for $51,000, and another from a friend who "was joking one day" and offered him $51,000. The district court found the value of the property to be $119,360, and therefore valued the wife's one-half interest at $59,680. The court ordered the husband (a) to purchase the wife's interest within six months at the appraised price, or (b) to put the property on the market immediately and pay her $59,680 at its sale. The husband was also ordered to pay interest at 8% per annum on the wife's "interest of $59,680" from the date of the divorce decree.

1. The husband contends that the trial court ignored an earlier conveyance of the property to him. After the parties had purchased his mother's house, the husband discovered a 1949 quitclaim deed from his mother to him. The husband now argues that this deed should take precedence over the later warranty deed from his mother to the parties as joint tenants. He does not, however, demonstrate or even allege that recognizing the 1949 deed would alter the division of the marital property.

Assuming *arguendo* that the property was validly conveyed to the husband prior to the marriage, it does not follow that it must be awarded solely to him in a property settlement, especially where the wife has used her separate resources to purchase the property from the husband's mother and to clear pending liens. In *Jackson v. Jackson,* Utah, 617 P.2d 338, 340–41 (1980), we stated:

> The state of title to marital property prior to a divorce decree is not necessarily binding on the trial court in its distribution of such property pursuant to such decree. The trial court is empowered to make such distributions as are just and equitable, and may compel such conveyances as are necessary to that end.

In some instances, equity will require that each party to a divorce recover the separate property he or she brought to the marriage. *E.g., Preston v. Preston,* Utah, 646 P.2d 705 (1982). However, that rule is not invariable, and we find no abuse of discretion in the district court's not applying it in the circumstances of this case.

2. The husband also urges that we direct the district court to award the home solely to him on the ground that the district court abused its discretion in awarding approximately 60% of the marital property to the wife, and only 40% to him. But an award of 60% of the marital property to the wife and 40% to the husband is not necessarily inequitable. The presence of a significant compensating factor could justify an even wider split. *See, e.g., Pope v. Pope,* Utah, 589 P.2d 752 (1978) (65%/35% split). In this case, the husband's retention of his entire pension without any alimony obligations is such a factor.

We also find no abuse of discretion in the district court's valuation of the Park City property at $119,360—the appraised value—rather than at $70,000. The court is obviously free to adopt the valuation of a professional appraiser in preference to the husband's unsubstantiated allegations of random offers.

The husband does identify an inconsistency in the court's order, however. Although the order awarded each of the parties a "one-half interest and equity in and to the real property," it also ordered the

husband to pay the wife $59,680 if he elected to sell the home, *regardless of its sale price.* An appraisal may be the most accurate estimate of the price a property will bring on the open market, but it is only an estimate. Where the court makes an equal division of the value of a property, we see no reason to compel the husband to pay the wife one-half of the *appraised* value if he in fact elects to sell the property to a third party rather than buy her share at the appraised price. If the property is sold to a third party, she should receive one-half of the actual sale price, without interest. The order is modified accordingly. *Berry v. Berry,* Utah, 635 P.2d 68 (1981), requires no further modification in the district court's decree. In that case, the husband's purchase of the wife's interest on the terms prescribed by the court was mandatory, not optional as in this case.

Finally, the wife contends that she is entitled to attorney fees on appeal under *Carter v. Carter,* Utah, 584 P.2d 904 (1978), and *Ehninger v. Ehninger,* Utah, 569 P.2d 1104 (1977). In contrast to those precedents, this is a case where we have modified the decree on appeal. In the circumstances of this case, we decline to award attorney fees on appeal.

As modified by this opinion, the decree of the district court is affirmed. No costs awarded.

HALL, C.J., and STEWART, HOWE and DURHAM, JJ., concur.