442 P.2d 928

**Leonora K. WEAVER, Plaintiff and Respondent,**

v.

**Robert G. WEAVER, Defendant and Appellant.**

**No. 11152.**

Supreme Court of Utah.

July 9, 1968.

 

Harold G. Christensen of Worsley, Snow & Christensen, Salt Lake City, for defendant and appellant.

Harley W. Gustin of Gustin & Richards, Salt Lake City, for plaintiff and respondent.

TUCKETT, Justice:

After a trial in the district court plaintiff was awarded a decree of divorce. The decree provided that the property of the parties should be divided equally between them. The defendant does not question the action of the trial court in granting a divorce to the plaintiff, but he is here claiming that the court committed error in dividing the property.

The defendant, who is a physician specializing in the field of urology, had accumulated from his practice and by careful management of assets approximately $250,-000. In addition to the foregoing, other assets had been accumulated in the approximate sum of $500,000, which had built up chiefly through the growth in value of shares of stock in the Combined Insurance Company. A considerable portion of the stock had been acquired by the defendant by purchase and gift from his father and sister. The defendant contends that the trial court abused its discretion in awarding one half of the latter assets between him and the plaintiff. It is the defendant's position that the assets which were derived in

part from his father and sister should not have been treated by the court as a part of the marital estate.

The record shows that the parties were married at Chicago, Illinois, in 1935, during the time the defendant was interning there. The plaintiff was a registered nurse at the time of the marriage. The plaintiff continued to carry on her work as a nurse until the birth of their first child in 1940, and her earnings were used to defray in part the family expenses. The parties returned to Utah in 1939, and in 1940 they moved to Wayne County where the defendant engaged in the practice of medicine for approximately two years. During the parties' stay in Wayne County the plaintiff assisted Dr. Weaver in his practice. Thereafter the parties moved to San Francisco where Dr. Weaver studied in the field of his specialty. In 1945 the parties returned to Salt Lake City where Dr. Weaver entered upon the practice of his specialty. In 1963, Dr. Weaver joined the faculty of the University of Utah Medical College as an associate professor at a salary of $17,500.

The parties have three children all of whom have reached their majority. In recent years both of the parties have suffered from physical ailments of a serious nature and the record would indicate that the plaintiff is now totally disabled.

The court, after making a division of the property as above set forth did not award to the plaintiff any alimony and directed that each of the parties was to pay his own attorney's fee and costs.

The problem of a division of property between parties to divorce proceedings has been before this court on numerous occasions. Section 30-3-5, U.C.A. 1953, provides that when a decree of divorce is made the court may make such orders in relation to property as may be equitable. The decisions of this court have not announced a fixed rule or formula for the division of property, but the rule announced in practically all of the cases is to the effect that the trial court has wide discretion in these matters, and the judgment of the trial court will not be disturbed unless the record shows that there has been an abuse of discretion on the part of the court.[1] After a careful review of the record in this case we cannot say that the trial court abused this discretion, and we are inclined to the view that the record supports the findings and conclusions of the court below.

The decree of the court is affirmed. No costs awarded.

CROCKETT, C. J., and CALLISTER, HENRIOD and ELLETT, JJ., concur.

---

1. Anderson v. Anderson, 16 Utah 2d 286, 422 P.2d 192; Sorensen v. Sorensen, 14 Utah 2d 24, 376 P.2d 547.