Edlean SEARLE, Plaintiff and Respondent,

v.

Woodey B. SEARLE, Defendant
and Appellant.

No. 13335.

Supreme Court of Utah.

May 16, 1974.

Richard C. Dibblee and Wayne L. Black, of Rawlings, Roberts & Black, Salt Lake City, for defendant-appellant.

Gayle F. McKeachnie, Vernal, for plaintiff-respondent.

CALLISTER, Chief Justice:

Defendant, husband, appeals from a decree of divorce, wherein plaintiff, wife, was awarded certain real and personal property in lieu of alimony. Defendant urges this court to review the evidence and make its own determination relative to the distribution of the property of the parties. In essence, defendant contends that it was inequitable and unjust to award plaintiff approximately one half of the property accumulated during their 27 years of marriage and claims that an award of permanent alimony would be more appropriate under the particular circumstances.

The parties were married in October, 1944; they have four children, who are issue of this marriage, but all have attained their majority. The trial court found that defendant had treated plaintiff cruelly and caused her great physical and mental suf-

fering since July 27, 1971, and that she had grounds for divorce. Plaintiff was found to be unemployed and without funds and should be awarded reasonable attorney's fees, and expert witness fees incident to the cause of action. The trial court found that plaintiff had been dominated by defendant, and that her best interests would be served by becoming independent and not to be required to rely on him for monthly alimony payments; plaintiff was entitled to be independent of defendant and should be awarded a reasonable property settlement.

The trial court recited the following as the elements it considered in the exercise of its discretion to provide for an equitable property settlement: (a) the amount and kind of property owned by the parties; (b) the property accumulated during their marriage; (c) the ability of each to earn money; (d) the financial conditions and necessities of the parties; (e) the standard of living of the parties; (f) the health of the parties; (g) the duration of the marriage; (h) what the wife gave up by way of marriage; and (i) the age of the parties.[1]

The trial court found that at the time of the marriage of the parties in 1944, defendant had accumulated as his own separate real and personal property, an amount valued at approximately $50,000. The balance of the property in the names of either or both of the parties had been accumulated as a result of the joint efforts of the parties during the period of their marriage.

Since the testimony of the expert witnesses called by each of the parties as to the appraised value of each of the specific assets acquired during the marriage was so contradictory and ambiguous, the trial court ordered each party to submit a list which separated all the property into two groups, which in the opinion of each party represented equal value in comparison to the other. The party was not to specify any preference as to the separate groupings. Based on the testimony and the additional aid of the parties, the trial court decreed an equitable disposition of the property.

The hub of defendant's enterprises was a gas company, which was incorporated; plaintiff owned 80 shares and defendant owned 167 shares; three other shares were owned by others. Closely associated with the gas company was a business, solely owned by defendant, which sold appliances utilizing the gas (butane). Defendant was a partner in a farm equipment center, which provided him with an advantageous position to buy equipment that he utilized in his extensive ranching operations. Initially the trial court awarded plaintiff a one-half interest in these businesses which she would hold as a tenant in common with defendant. Defendant objected vigorously to this disposition, and a new hearing was granted.

The trial court found that the gas company was of the value of $80,000, and the appliance store, farm equipment company, and all other assets except the horses and two paintings were of the value of $15,000. The court awarded this property to defendant subject to his paying $47,500 to plaintiff. In dividing the other assets of the parties, defendant was awarded assets equivalent in value to the $50,000 that he owned at the time of the marriage. Of the remaining assets, defendant was awarded property which exceeded in value by $19,850 the property awarded to plaintiff. The trial court found that defendant owed plaintiff $67,350 and ordered that this sum be paid at the rate of $750 per month, together with interest at 5% per annum. Plaintiff was granted a lien on all the tangible property of the gas company in the form of a real estate mortgage, which she could foreclose if defendant became delinquent beyond six months in his payments.

---

1. These elements are among those included in the general formula for evaluating and adjusting the rights and obligations of the parties in McDonald v. McDonald, 120 Utah 573, 581–582, 236 P.2d 1066 (1951).

Of the extensive properties utilized by the parties in their ranching operations, plaintiff was awarded the Brush Creek Ranch, and 834 acres of the Diamond Mountain Ranch with the house situated thereon, and the acreage adjoining the family home. Defendant was awarded 1834 acres of the Diamond Mountain Ranch, and all of the livestock and vehicles. Defendant objected, claiming that this disposition interfered with his ranching operations. As a compromise, the trial court granted defendant an option to purchase plaintiff's property in the Brush Creek and Diamond Mountain Ranches. Defendant had this option until the decree of divorce was absolute. The sale price was $87,000; the terms were $7,000 down payment with the balance payable at the rate of $10,000 per year and 6% interest per annum. To secure payment, plaintiff was to be given a mortgage on all of the ranch property including the Diamond Mountain property distributed to defendant.

Defendant was further awarded a large motel complex, which included a cafe, a commercial building, and two residences. Plaintiff was awarded the family home and furnishings and the adjoining acreage except for 2.38 acres situated near the gas company. She received two rental units valued at $28,500, the Westerner Cocktail Lounge valued at $16,000, and several pieces of real property totaling $26,300 in value. She was also awarded her personal belongings, an automobile, five horses registered in her name, and a small picture of a deceased horse beloved by the family. Defendant was awarded all of the other horses and the large picture of the family horse. The decree further provided that in the event of any taxes based on the distribution ordered therein, the parties were to be equally responsible, except if defendant exercised the option to purchase the ranches, he alone would pay these taxes.

The parties live in a small town, and to preserve the reputation of the fami-ly a minimum amount of the evidence concerning the grounds for the divorce was included; however, the record indicates that this action was precipitated when plaintiff demanded that defendant choose between her and defendant's girl friend, and he preferred the latter. In Wilson v. Wilson[2] this court stated that although no firm rule can be uniformly applied in all divorce cases, and each must be determined upon the basis of the facts, the court may consider the relative loyalty or disloyalty of the parties to their marriage vows, and their relative guilt or innocence in causing the breakup of the marriage.

On appeal, defendant contends that the distribution was inequitable and unjust and merely because plaintiff was his wife, she was not entitled to one half of the assets accumulated during the marriage. Defendant emphasizes that it was his business ability, organization, and management which created his business empire and that plaintiff had no business acumen. Defendant urges that this court in the alternative grant a new trial or redistribute the property in an equitable manner. He suggests that an equitable distribution would be an award to him of all the businesses and the ranching property including the acreage adjoining the family home. In lieu of the interest in the aforementioned properties granted to plaintiff, she should be awarded $650 per month permanent alimony.

Through numerous hearings and communications with the parties over a period of two years, the trial court attempted to accommodate the parties and provide for an equitable distribution. Defendant objected to any plan of distribution in which any valuable asset was awarded to plaintiff. Defendant presented evidence to establish the strong interrelationships among his numerous business ventures, although a review of this evidence does not support his assertion. The trial court found that an award of permanent alimony was not in

2. 5 Utah 2d 79, 82, 296 P.2d 977 (1956).

plaintiff's best interest, and the only alternative to accommodate both parties was a decree providing a means whereby defendant could purchase plaintiff's interests.

 Although it is both the duty and prerogative of this court in a case of equity to review the facts as well as the law, Article VIII, Section 9, Constitution of Utah, the trial judge has considerable latitude of discretion in adjusting the financial and property interests in a divorce case. The actions of the trial court are indulged with a presumption of validity, and the burden is upon appellant to prove such a serious inequity as to manifest a clear abuse of discretion.[3] There is no fixed rule or formula for the division of property; Section 30-3-5, U.C.A.1953, provides that when a decree of divorce is made the court may make such orders in relation to property as may be equitable.[4] The trial court has a responsibility to endeavor to provide a just and equitable adjustment of their economic resources so that the parties might reconstruct their lives on a happy and useful basis.[5]

A review of the record in the instant case clearly indicates that the trial court has given conscientious and judicious consideration to the appropriate factors which should be reviewed in such situations. The distribution of the property has permitted defendant to retain control of his substantial interests, which the evidence indicates he manipulates in a manner to maximize his financial remuneration. Under such circumstances this court is not persuaded that the trial court has abused the broad discretion which is reposed in him in such matters.[6]

The judgment of the trial court is affirmed. Costs are awarded to plaintiff.

HENRIOD, CROCKETT, ELLETT and TUCKETT, JJ., concur.

3. Humphreys v. Humphreys, Utah, 520 P.2d 193 (1974); Harding v. Harding, 26 Utah 2d 277, 488 P.2d 308 (1971).

4. Weaver v. Weaver, 21 Utah 2d 166, 442 P.2d 928 (1968).

5. Wilson v. Wilson, note 2, supra.

6. Slaughter v. Slaughter, 18 Utah 2d 274, 421 P.2d 503 (1966); Sorensen v. Sorensen, 14 Utah 2d 24, 376 P.2d 547 (1963).