Veneta **JESPERSON**, Plaintiff
and Respondent,

v.

William Leroy **JESPERSON**, Sr.,
Defendant and Appellant.

No. 16413.

Supreme Court of Utah.

March 20, 1980.

John L. Miles of Atkins, Wright & Miles, St. George, for defendant and appellant.

John W. Palmer of Palmer & Anderson, St. George, for plaintiff and respondent.

HALL, Justice:

Defendant appeals from that portion of a decree of divorce which distributed marital property.

The parties were married on March 20, 1973 in Roswell, New Mexico. At the time of the marriage, defendant was 73 years of age, and plaintiff was 68. Defendant entered the marriage with virtually no assets. Plaintiff, at the time of the marriage, owned some furniture, an automobile, and savings in the aggregate amount of $22,500. Plaintiff also owned a mobile home which she had purchased for $17,500 (cash) shortly before the marriage.

At various times during the course of their marriage, plaintiff and defendant owned three different mobile homes, including the one purchased by plaintiff prior to the marriage. On each of the homes, defendant allegedly performed various landscaping and repair projects which enhanced the value thereof, such that each of them sold for a profit.[1] Both parties received monthly social security benefits but neither was gainfully employed.[2]

On September 1, 1978, plaintiff filed an action for divorce. Following a trial on the matter, the court concluded that plaintiff was entitled to a divorce and entered findings which included the following:

The Defendant, William Leroy Jesperson, Sr., has treated the Plaintiff cruelly, causing her great mental distress and anguish. Further, the Defendants acts have destroyed the legitimate objects of matrimony, and further marriage relations between Plaintiff and Defendant are impossible. The Defendant has been guilty of gross and repeated marital misconduct[3] which not only constitutes grounds for divorce, but which should be considered in making an equitable division of property.

The court then proceeded to divide the property. Each of the parties was awarded his or her own items of personal property and effects, as well as all savings and checking accounts standing in his or her name.[4] In addition, plaintiff was awarded the household furniture, fixtures and appliances as well as an automobile.

The only other asset of the marriage was a mobile home located in St. George, Utah. The home was purchased in 1974 for $19,027 and sold just prior to the divorce for $27,000. The trial court ordered that plaintiff be awarded the following:

(1) The sum of $19,027.00 as a return to Plaintiff of the amount expended by her in the purchase of said property.

(2) An amount equal to 77% of the net sale remaining from the sales price of $27,000.00 after deducting the above stated amount of $19,027.00 and the costs of said sale.

Defendant received the following:

An amount equal to 23% of the net proceeds received by Plaintiff and Defendant from the sale of their mobile home and lot in the Dixie Downs area, after deducting from said gross sales price the sum of $19,027.00, as a return to Plaintiff of her purchase price, and the costs of said sale.

1. Who paid for the materials for such improvements is disputed.

2. At the time of the divorce, defendant's total income was approximately $241.00 per month in social security benefits. Plaintiff received $263.90 per month social security and $50.00 per month as interest from an insurance policy.

3. Beginning on the couple's honeymoon, and continuing through the course of the marriage, defendant apparently engaged in the practice of vanishing periodically in order to visit other women. By plaintiff's testimony, these absences were often of substantial duration, and sometimes required that plaintiff send money to defendant in order to enable him to return home.

4. Plaintiff claims that her individual savings of $22,500 were totally depleted during the marriage.

■ Defendant's basic argument on appeal is that the trial court abused its discretion in dividing the marital property. He claims that the court improperly refused to award him the value of his labor on the three personal residences and one-half the gain realized on the sale of the three homes; that the actual conduct of the parties demonstrates that a gift was made and that the parties considered themselves equal owners of their property; and that the trial court improperly considered marital misconduct in making the property division.

By the very nature of a property division, the marital estate is evaluated according to what property exists at the time the marriage is terminated.[5] Defendant's first argument that he should be compensated for his efforts in improving the property owned by the parties is therefore obviated.

■ Defendant's next claim, that plaintiff made a gift to defendant of one-half of the St. George home, likewise fails. Although the home was held in joint tenancy, that is not conclusive that a gift has been made. The trial judge has wide discretion in the division of marital property (a matter of equity) and his findings will not be disturbed unless the record shows there has been an abuse of discretion.[6] The trial court found as follows:

> Although the mobile home in issue is [was] held in joint tenancy, there was no intention by Plaintiff to create a one-half property interest in Defendant, nor any expectation by Defendant that he had received a one-half property interest.

The record discloses no abuse of discretion in making such a finding in the instant case.

■ Defendant's final point on appeal is that the trial court improperly considered marital misconduct in making the property division. We have previously held that a trial court must consider many factors in making a property settlement in a divorce proceeding, but that the purpose of the settlement should not be to impose punishment on either party.[7] Although the court ruled that "marital misconduct . . . should be considered in making an equitable division of property," it does not necessarily follow that the defendant was in fact in any way punished by the ultimate division made of the property. In any event, we are inclined to affirm a trial court's decision whenever we can do so on proper grounds even though the trial court may have assigned an incorrect reason for its ruling.[8] We are of the opinion that the division ordered by the court was fair and equitable in light of the circumstances of this case.

■ In making a property division, a court may properly consider such things as the length of the marriage and parties' respective contributions to the marriage.[9] This marriage lasted less than six years and no children issued therefrom. Plaintiff brought into the marriage furniture, a car, a mobile home, and a total of $22,500 in savings; defendant brought no assets into the marriage. In the decree, plaintiff was awarded the furniture, a car, and the purchase price of a mobile home, all of approximately the same value as those same items brought into the marriage by plaintiff. The court specifically found that "[t]he purchase price of the mobile home and lot in issue was $19,027, which was contributed from Plaintiff's separate funds. . . ." It was not unreasonable for the court to permit plaintiff to withdraw from the marital property the equivalent of those assets plaintiff brought into the marriage. All that may be considered to be marital property acquired through the *joint* efforts of the parties was therefore the proceeds from the sale of the St. George home over and above its purchase price of $19,027. The 77%–23% split of the residual assets is not,

5.  See *Hamilton v. Hamilton*, Utah, 562 P.2d 235 (1977).

6.  *Naylor v. Naylor*, Utah, 563 P.2d 184 (1979); *Weaver v. Weaver*, 21 Utah 2d 166, 442 P.2d 928 (1968).

7.  *Read v. Read*, Utah, 594 P.2d 871 (1979).

8.  *Allphin Realty v. Sine*, Utah, 595 P.2d 860 (1979).

9.  *English v. English*, Utah, 565 P.2d 409 (1977).

under the facts presented, inequitable. This is particularly so when viewed in light of the fact that it was plaintiff's financial ability alone that permitted the purchase of the mobile home. Except for said fact, there would have been no profits of sale to be divided.

The judgment of the trial court is hereby affirmed. Costs to plaintiff.

CROCKETT, C. J., and WILKINS, MAUGHAN and STEWART, JJ., concur.