John A. GEORGEDES, Plaintiff
and Respondent,

v.

Boni A. GEORGEDES, Defendant
and Appellant.

No. 17073.

Supreme Court of Utah.

March 2, 1981.

George H. Speciale, Salt Lake City, for defendant-appellant.

Therald N. Jensen, Price, Clifford L. Ashton, Salt Lake City, for plaintiff-respondent.

OAKS, Justice:

Defendant appeals from a divorce decree, assigning error in the division of property and the denial of alimony and attorney's fees.

The parties were married in 1972. No children were born to this marriage. Both had been married before. Defendant had one child by her prior marriage, and plaintiff had two children by his. Into this new marriage, plaintiff brought a home and a business, both subject to purchase-money obligations, and a child-support obligation for his two children (who lived with his former wife) of $250 per month plus insurance premiums. Defendant brought furniture and other items of personal property, and a Social Security survivor's benefit that provided support for her son. Within the first year of their marriage, plaintiff put the title to the home and business in joint tenancy with defendant.

From the beginning, and through its 7-year duration, this was not a conventional marriage relationship. After only one week, defendant moved her seven-year-old son into her bedroom and plaintiff moved into the basement, which became his bedroom for the duration of the marriage. During the initial years, partly because of the erratic schedule in his laundry and dry cleaning businesses, plaintiff took many of his meals out, and for the last three years he had all of his meals in restaurants. After the early part of the marriage, defendant generally declined to go out with plaintiff. Defendant attempted to arrange marriage counselling, but plaintiff refused to cooperate.

After a trial in which both plaintiff and defendant testified and provided written evidence, the court granted a divorce to both parties, and awarded defendant the furniture and household effects acquired during the marriage. In the actions defendant challenges on this appeal, the court divided the other property essentially by allocating each party the property he or she had brought into the marriage. This gave plaintiff the home and business.

■ Defendant contends that the court ignored the lawful marriage and the joint tenancy conveyance in its settlement and support decisions, but we find no evidence of this. Also without merit is the contention that the district court erred in considering the fact that because plaintiff provided the entire support for defendant's son, defendant had been able to save the Social Security payments ($368 per month at the time of trial) and thus accumulate more than $25,000 as a financial benefit defendant derived from the marriage. We find no fault with that as a factor for consideration in the circumstances of this case.

■ The record contains relatively little evidence of the present value of the home and business allotted to the plaintiff, but that is not a reversible deficiency where, as here, the court's decree simply puts the parties to a second marriage of relatively short real duration back into sole ownership of the properties they brought into the marriage. This is not a case where the court would be required to conclude from the evidence that defendant's "efforts . . . in the monetary success of the marriage," *English v. English*, Utah, 565 P.2d 409, 411 (1977), made such a contribution to the increased value of marital property that she would be entitled to share in that value in the property settlement. Also important to be weighed in connection with the propriety of the property settlement is the fact that plaintiff was made responsible for all of the outstanding debts of the parties. If his property increased in value during the marriage, so did his total debts, from $92,000 to

over $123,000. All in all, we cannot conclude that the appellant proved "such a serious inequity as to manifest a clear abuse of discretion." *Searle v. Searle*, Utah, 522 P.2d 697, 700 (1974); *Jesperson v. Jesperson*, Utah, 610 P.2d 326 (1980); *Hacking v. Hacking*, Utah, 620 P.2d 71 (1980).

In the circumstances of this case, where defendant is employed and there is no evidence that she is unable to pay her own obligations, the decision to award no attorney's fees is also well within the allowable range of the trial court's discretion. *Adams v. Adams*, Utah, 593 P.2d 147, 149 (1979).

As the trial court compared the needs and separate incomes of the parties—plaintiff from his business and defendant from her employment as a teacher of business subjects at College of Eastern Utah—the court concluded that the defendant should have no alimony because "plaintiff does not have the ability to pay alimony" and "defendant is not in need of alimony for her support or in any event, that her need is slight." Defendant attacks that decision on the basis that the $500–$600 monthly household allowance plaintiff provided her for the seven years of marriage shows that he could pay alimony, that his monthly child-support obligations of $347.40 are soon to be reduced as the children of his previous marriage attain their majority (they were ages 18 and 20 during 1980), and that the unequal division of properties (plaintiff receiving a valuable home and business and defendant receiving only furniture and household effects) should have been offset by some alimony for defendant, especially since plaintiff's business income was probably higher and plaintiff's real debts were probably lower than the amounts admitted at trial.

The purpose of alimony is to "provide support for the wife as nearly as possible at the standard of living she enjoyed during the marriage, and to prevent the wife from becoming a public charge." *English v. English*, Utah, 565 P.2d 409, 411–12 (1977); *MacDonald v. MacDonald*, 120 Utah 573, 236 P.2d 1066 (1951). This calls for determining "the financial conditions and needs of the wife, the ability of the wife to procure a sufficient income for herself, and the ability of the husband to provide support." *English v. English, supra*. Measuring by this standard, we find no error in the court's findings or its conclusions to deny any alimony on the basis of the present financial circumstances of the parties.

If there is any material change in the circumstances of either party—especially if defendant, the party with the least property resources under the property settlement provisions in the court's decree, were faced with "becoming a public charge," *English v. English, supra*—the trial court would apparently have "continuing jurisdiction to make such subsequent changes or new orders with respect to *the support and maintenance of the parties, . . . as shall be reasonable and necessary.*" U.C.A., 1953, 30–3–5.[1] The decree is therefore affirmed. Each party to bear own costs.

MAUGHAN, C. J., and STEWART and HOWE, JJ., concur.

HALL, Justice (concurring in the result).

I concur in affirming the judgment of the trial court. However, I do not subscribe to the final paragraph of the main opinion that addresses the subject of continuing jurisdiction.

Jurisdiction was not raised as an issue by the parties, and a resolution thereof is wholly unnecessary to the Court's disposition of this appeal. Also, treatment of the same as an issue is contrary to the usual rules of appellate review.

---

1. This Court has previously indicated that a party in need of support cannot obtain it from a divorced spouse if the original decree did not award any alimony. *MacDonald v. MacDonald*, 120 Utah 573, 236 P.2d 1066 (1951); *Hamilton v. Hamilton*, 89 Utah 554, 58 P.2d 11 (1936). However, the prior statutes under which those cases were decided did not include the words emphasized above. Utah Code Annotated, 40–3–5 (1943); Revised Statutes of Utah, 40–3–5 (1933).

I reserve judgment on the issue whether a decree of divorce entered without alimony may be subsequently modified so as to allow alimony until such time as it is appropriately presented.