**George W. PRESTON, Plaintiff and Appellant,**

v.

**Lorna A. PRESTON, Defendant and Respondent.**

**No. 17597.**

Supreme Court of Utah.

April 30, 1982.

Robert W. Gutke of Harris, Preston & Gutke, Logan, for plaintiff and appellant.

Findley P. Gridley, Ogden, for defendant and respondent.

OAKS, Justice:

In this appeal, the husband challenges the property settlement in a contested divorce decree. The parties, both of whom had children from prior marriages, were married about 7 years. Both parties had brought substantial properties to the marriage. Following the principle we have approved in cases like *Georgedes v. Georgedes*, Utah, 627 P.2d 44 (1981); *Jesperson v. Jesperson*, Utah, 610 P.2d 326 (1980), and *Humphreys v. Humphreys*, Utah, 520 P.2d 193 (1974), the district court concluded that each party should, in general, receive the real and personal property he or she brought to the marriage or inherited during the marriage. The question on appeal is whether the district court abused its discretion in applying that principle in three instances challenged by the husband.

### I.

█ The district court awarded the wife one-half of the value of a recreational cabin worth $34,000. (The cabin was awarded to the husband, but subject to his obligation, secured by a lien on the cabin, to pay the wife $17,000 within 18 months.) The court found that the cabin was constructed during the marriage by the parties "working as a family, and drawing on their earnings, the daily funds of all ...." As to the family's labor, the evidence supported that finding. But as to the $18,918.32 total out-of-pocket cost of construction, the evidence was uncontradicted that $9,310.93 came from the husband's sale of assets he owned prior to the marriage, and only the balance from his earnings during the marriage. Consequently, pursuant to the district court's own theory of division, the husband should have been given credit for this $9,310.93 contribution (together with the proportion of appreciation in value attributable thereto) before the value of the cabin was divided between the parties. *Georgedes v. Georgedes, supra; Jesperson v. Jesperson, supra; Humphreys v. Humphreys, supra.* The decree should be modified accordingly.

### II.

During the marriage, the wife inherited a half interest in some farmland west of Logan, some livestock, some grazing permits, and a building lot in Logan City. All of this property was awarded to the wife. The husband, who performed legal services for the decedent's estate at half the regular fee, performed legal work on the building lot, and did some work on the farm, argues that he should have been awarded a half interest in this property.

█ Without detailing the evidence on this contention, we find no error in the district court's refusal to award the husband a share of the property the wife acquired as an inheritance during the marriage. Even though the husband did some work on this property, he was not thereby joining his efforts in a "family project" like the recreational cabin. The wife's inheritance was not acquired through the "joint efforts of the parties," *Jesperson v. Jesperson*, 610 P.2d at 328, any more than the husband's separate contribution to the cost of the cabin. By denying the wife a share of the husband's separate property contributed to the cabin and by denying the husband a share of the wife's inheritance, we treat the separate property of both parties on the same basis.

### III.

The parties' residence and their recreational cabin contained various items of personal property acquired during the marriage. Immediately following their separation, the wife removed all of her property and some of the husband's property from the cabin. The husband then obtained an order restraining the wife *pendente lite* from removing from their residence any property acquired by the parties during their marriage. Notwithstanding this order, the wife removed a substantial amount of fixtures and other property acquired during the marriage. Her testimony indicates that although she was aware of the court's order, she did not understand it to apply to items she had previously claimed or her husband had promised her.

The district court found that the wife removed this personal property "[i]n contemptuous disregard of the court's order ...." Nevertheless, without any adjudication on the consequences of the contempt thus identified, the district court permitted the wife to retain most of the property in question.[1]

The husband contends that this allocation of the personal property will encourage the disregard of court orders. That may or may not be true in the circumstances of this case. But we are persuaded that, having found the wife in contempt, the court should have adjudicated some consequence for the contempt (which may or may not affect the allocation of the property in question) or added some finding or conclusion explaining the failure to do so. This matter should be concluded on remand.

With the exception noted herein, the decree of the district court is affirmed, and the case is remanded for modification of the division of the recreational cabin and for further action in connection with the wife's contempt. No costs awarded.

HALL, C. J., and STEWART, HOWE and DURHAM, JJ., concur.

1. She was ordered to return an engraved silver spoon or $100, dining room furniture or $2,000, hand tools or $250, a handcrafted rifle or $350, and the husband's mother's wedding ring or an amount to be determined by evidence of its value as a family heirloom.