**Anita Louise Judd BUSHELL, Plaintiff and Respondent,**

v.

**Gene A. BUSHELL, Defendant and Appellant.**

No. 17535.

Supreme Court of Utah.

June 30, 1982.

L. E. Richardson, Salt Lake City, for defendant and appellant.

John Walsh, Salt Lake City, for plaintiff and respondent.

HOWE, Justice:

Plaintiff, Anita Louise Judd Bushell, was granted a decree of divorce awarding her custody of the minor children, temporary alimony, child support payments, and a share of the parties' real and personal property. Defendant, Gene A. Bushell, appeals seeking reversal of the decree.

The parties were first married in 1967 and have two male children, ages 10 and 13 at the time the decree was entered. During that marriage, they purchased 131 acres of farmland in Marion, Utah, farm equipment, livestock, a mobile home and various other personal property. In 1975 they were divorced and they stipulated to a settlement providing for plaintiff to have custody of the minor children and a split of the property. Approximately two years later the parties re-married, each bringing back to the marriage the property he or she received in the settlement. The defendant had also purchased a mobile home which he brought into the marriage.

During the second marriage the defendant's father gave him 14 acres in Woodland, Utah. The parties thereafter sold their mobile homes, purchased a much larger mobile home and moved to the Woodland property. Concrete foundations and patios were poured and the home was placed on one of the 14 acres. In 1977 the parties sold 17.5 acres of their Marion farm property for $75,000, with $45,000 paid down and the balance of $30,000 to be paid $3,000 per year plus 7½% per annum interest. In 1979 the parties sold an additional 23.7 acres of the Marion property for $101,710, with $25,-427.50 paid down and the balance of $76,-282.50 payable in semi-annual installments of $3,673.20 including 7½% per annum interest. Both parties worked at farming the Woodland and Marion properties. In addition, the defendant drove a truck during winter months and occasionally worked in a sawmill. Plaintiff was also employed occasionally.

In May of 1980, the plaintiff again filed for divorce and on January 19, 1981 she was granted a decree of divorce awarding her custody of the children, $267.00 per month as child support, $150.00 per month alimony for 4 years, and the mobile home subject to the mortgage payment of $267.00 per month. Plaintiff also received the one acre parcel of land upon which the mobile home was situate, and the right to use the remaining 13 acres for farming and for her livestock until she remarries, ceases to use the mobile home as her residence or until the youngest child reaches the age of majority. Plaintiff also received part of the farm equipment and the right to the use of a combine, as her needs required, for harvesting crops on the 13 acres. Defendant was awarded the remaining 90 acres in Marion along with the monies to be received from the contracts of the sale of a portion of that property. Defendant also received the remaining farm equipment as well as a share of the parties' furniture, linens and utensils.

Defendant contends that the trial judge erred because "there are no findings of fact on which to base this judgment ..." and "the evidence does not support the judgment." As a result of these alleged errors, the defendant would have us reverse and remand or enter new findings modifying the judgment. Rule 52(a) of the Utah Rules of Civil Procedure states generally that:

> ... In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon....

We have no disagreement with the cases cited by the defendant which stand for the proposition that findings of fact and conclusions of law must be entered. See *Thomas v. Thomas*, Utah, 569 P.2d 1119 (1977). We recently stated in *Stoddard v. Stoddard*, Utah, 642 P.2d 743 (1982), that:

> Written findings and conclusions setting out the basis upon which a court's

decision rests are vital to the proper information of the parties and to the proper functioning of courts. Findings and conclusions aid the trial court in rational decision making, *Romrell v. Zions First National Bank*, Utah, 611 P.2d 392, 395 (1980), and aid the appellate court in the exercise of the discretion it enjoys to review, and if necessary, to adjust the financial and property interests of the parties. U.C.A., 1953, § 30–3–5.

■ Since, however, findings and conclusions were entered in this case, the issue with which we are actually concerned is the sufficiency of those findings. Our review of the findings indicate that although they are not as comprehensive as we would desire, they generally state the jurisdictional facts and the facts in issue as found by the court, and they conform to the pleadings except in one particular. There is no finding as to grounds for divorce. Plaintiff testified that the defendant had struck her on several occasions which had caused her to experience physical and mental distress. The trial judge acknowledged that grounds for divorce existed. However, because no finding of fact was accordingly made, we exercise our prerogative in equity cases to make findings of fact and find that the defendant treated the plaintiff cruelly by striking her, causing her physical and mental distress.

■ Defendant further contends that the evidence does not support the property division, alimony, or custody awards and he alleges that the trial judge misapplied the law and abused his discretion. Defendant asserts that the division of property is unjust since he brought into the marriage the bulk of the property including the 131 acres of Marion farmland, farm equipment, and soon after marriage received the 14 Woodland acres from his father. Defendant argues that any assets accumulated during the second marriage are outweighed by debts incurred. In light of these facts, defendant concludes that it was improper for the trial judge to award the plaintiff the one acre homesite and mobile home along with certain farm equipment and the use of the remaining 13 Woodland acres.

Defendant was awarded the Marion farmland including the amounts owing on the sales contracts. Defendant was also awarded 13 of the 14 Woodland acres with his possessions and use deferred for seven and one-half years while the plaintiff farms that land to assist in providing support for the minor boys and herself. The basic rule as to division of property between spouses is that the court should make such order in relation to the property as may be equitable. *Hamilton v. Hamilton*, Utah, 562 P.2d 235 (1977). Considering that all but one acre of the real property and most of the farm equipment was awarded to defendant, we do not find injustice or an abuse of discretion.

■ Defendant further complains of the award of alimony. The trial court awarded the plaintiff $150 per month for four years. She testified at trial that she needed alimony to repair the roof on her home, to pay the utilities and to obtain additional training so that she could secure a job which paid adequately. The purpose of alimony is to provide support for a wife as nearly as possible at the standard of living she enjoyed during marriage and to prevent her from becoming a public charge. *Gramme v. Gramme*, Utah, 587 P.2d 144 (1978). In view of the reasons for plaintiff's request and considering her financial condition and needs, we do not view the award of $150 per month for 4 years as an abuse of discretion.

■ Defendant also argues that the best interests of the parties' oldest boy would dictate that the defendant be awarded his custody. Defendant alleges that the boy's rebelliousness, his desire to live with him, and plaintiff's inability to handle the child are reasons why he should be awarded custody. Defendant recognizes that a child's preference is only one factor in determining custody. *Wiese v. Wiese*, 24 Utah 2d 236, 469 P.2d 504 (1970). The primary concern of the trial court is the welfare of the children. *Debry v. Debry*, 27 Utah 2d 337, 496 P.2d 92 (1972). In view of all the

evidence and circumstances, including testimony to the effect that the defendant had taken the boy to bars and had allowed him to drive motor vehicles on public streets without a driver's license, we believe the award of custody in favor of the plaintiff is supported by competent evidence.

A trial judge has wide discretion in dividing property and in providing for alimony and custody and his judgment will not be disturbed absent a showing of an abuse of discretion. Division of property: *Weaver v. Weaver*, 21 Utah 2d 166, 442 P.2d 928 (1968); Alimony: *Slaughter v. Slaughter*, 18 Utah 2d 274, 421 P.2d 503 (1966); Custody: *Jorgensen v. Jorgensen*, Utah, 599 P.2d 510 (1979). Our review of the record reveals ample evidence upon which the trial judge could have based his judgment. This Court will not presume to substitute its judgment for the advantaged position and judgment of the trial court absent a showing of an abuse of discretion. The division of property, and the awards of alimony and custody made here do not reflect such an abuse but fall well within the ambit of discretion accorded trial courts.

The decree is affirmed. Costs to plaintiff-respondent herein.

HALL, C. J., and STEWART, OAKS and DURHAM, JJ., concur.