**Cheryl Jane BEALS, Plaintiff and Respondent,**

v.

**Richard Corrie BEALS, Defendant and Appellant.**

**No. 18679.**

Supreme Court of Utah.

May 1, 1984.

Ann L. Wassermann, Craig M. Peterson, Salt Lake City, for defendant and appellant.

Neil B. Crist, Bountiful, for plaintiff and respondent.

STEWART, Justice:

The defendant, Richard Beals, appeals a divorce decree because of the trial court's property division. He argues that he received less than 10% of the marital estate, and that such a property division constitutes an abuse of discretion.

The parties were married in 1971 and separated in 1980. During their marriage, they acquired various major properties, including real estate, stock, and gold and silver coins. The trial court awarded the plaintiff, Mrs. Cheryl Beals, the following: (1) a residential home in Bountiful; (2) a rental home in Kaysville; (3) a duplex; and (4) part of the gold and silver coins. The court awarded Mr. Beals: (1) a condominium; (2) stock in Thermal Systems, Inc. (TSI); (3) all other stock owned by the parties; and (4) the remainder of the gold and silver coins.

Mr. Beals was ordered to take responsibility for debts incurred prior to the parties' separation, including any obligation owed to the Internal Revenue Service for tax deficiencies for prior years. The value of the properties and Mr. Beals' tax liability was not specified in the court's findings.

The trial court did not award alimony in the form of periodic payments. However, the trial judge indicated that a portion of Mrs. Beals' marital property award was intended to include a lump sum for alimony.

Mr. Beals argues that Mrs. Beals received property worth between $83,400 and $88,400, while the net worth of his property (after subtracting the tax liability) is between $1,020 and $21,020. Based on Mr. Beals' estimates, he received between 1%

and 20% of the marital estate. On the other hand, according to Mrs. Beals' valuations, Mr. Beals received 68% of the marital estate.

In divorce cases, the trial court has wide discretion in dividing the marital estate. *E.g., Turner v. Turner*, Utah, 649 P.2d 6 (1982); *Kerr v. Kerr*, Utah, 610 P.2d 1380 (1980). Mr. Beals relies on *Read v. Read*, Utah, 594 P.2d 871 (1979), for authority that the trial judge transcended the bounds of reasonable discretion in his division of the property. In *Read*, we reversed an order that awarded approximately 90% of the marital estate to the wife.

The instant case is unlike *Read*. In *Read*, the wife was awarded alimony in the form of periodic payments, in addition to a division of the marital estate. Here the alimony was included in the property settlement because of the extremely acrimonious relationship between the parties, Mr. Beals' repeated lack of cooperation in the divorce proceedings, and his refusal to pay the temporary alimony ordered by the court earlier, all of which indicated a likelihood that Mrs. Beals would have great difficulty in collecting periodic alimony payments.

Given these facts, an award of lump sum alimony was within the trial court's discretion. Using Mr. Beals' property value estimates, and assuming the unlikely possibility that the entire award to Mrs. Beals was considered to be lump sum alimony, Mrs. Beals received approximately 8½ years of alimony, based on the temporary alimony award of $850 per month. Indeed Mrs. Beals received less, because almost every one of Mr. Beals' valuations of Mrs. Beals' property was arguably on the high side, almost every valuation of his own property was on the low side, and because a portion of the award was for Mrs. Beals' share of the marital estate.

Mr. Beals also contends that the trial court erred in awarding $13,112.73 in attorney's fees to Mrs. Beals. Of that amount, $4,300 was for fees paid or owed to her prior attorney, Mr. Royball, and $8,812.73 was for her current attorney, Mr. Crist. Mr. Beals argues that the evidence present-

ed was insufficient to support these awards.

In divorce cases, awards of attorney's fees must be supported by evidence which shows that the requested award is reasonable. *E.g., Delatore v. Delatore*, Utah, 680 P.2d 27 (1984); *Kerr v. Kerr*, Utah, 610 P.2d 1380 (1980). Relevant factors of reasonableness include "the necessity of the number of hours dedicated, the reasonableness of the rate charged in light of the difficulty of the case and the result accomplished, and the rates commonly charged for divorce actions in the community." *Kerr v. Kerr, supra*, 610 P.2d at 1384–85. Also, the party requesting the award must show financial need. *Christiansen v. Christiansen*, Utah, 667 P.2d 592, 596 (1983); *Kallas v. Kallas*, Utah, 614 P.2d 641 (1980); *Kerr v. Kerr, supra*. Where reasonableness of the award or financial need have not been shown, we have reversed awards of attorney's fees. *Delatore v. Delatore, supra; Kallas v. Kallas, supra; Kerr v. Kerr, supra*.

Mrs. Beals' testimony demonstrated her financial need. In the three years previous to the trial, her yearly income averaged only $6,500. Mr. Beals' income was well over $50,000 for those years. However, there is no evidence as to the reasonableness of Mr. Royball's fees, such as evidence of the rate charged or the hours spent. The award of $4,300 for Mr. Royball's fees cannot, therefore, stand.

As to Mr. Crist's fees, the court accepted a proffer of evidence that Crist had worked 122 hours at $65.00 an hour for a total of $7,924 in fees, plus $888.73 in costs. The record demonstrates the necessity of the time spent. Throughout the pretrial stage, Mr. Beals consistently refused to cooperate in retaining counsel and in providing discovery, and ultimately was jailed for contempt because of his refusal to be deposed. This noncooperation required Crist to spend extra hours in compelling discovery and in preparing the case for trial. The trial judge was familiar with these facts at the time of trial. We there-

fore affirm the $8,812.73 award to Mr. Crist.

Affirmed as to the division of property and the award of Mr. Crist's attorney's fees and reversed as to the award of Mr. Royball's fees. The case is remanded for the entry of a modified decree.

HALL, C.J., and OAKS and DURHAM, JJ., concur.

HOWE, J., dissents.