**Kenton W. STEPHENS, Plaintiff and Appellant,**

v.

**Sharon S. STEPHENS, Defendant and Respondent.**

No. 20437.

Supreme Court of Utah.

Nov. 3, 1986.

Pete N. Valhos, Ogden, for plaintiff and appellant.

Frank M. Wells, Ogden, for defendant and respondent.

PER CURIAM:

Plaintiff appeals from that portion of a divorce decree awarding defendant a share of his retirement funds and alimony, reimbursing defendant for certain expenditures before dividing the equity in the parties' home, requiring plaintiff to pay one-half of capital improvements made to the home, and disallowing him interest on his equity in the home.

The parties were married sixteen years and had two children, ages eleven and thirteen at the time of the divorce. Plaintiff also adopted defendant's son from a previous marriage which ended with the death of her first husband. Plaintiff worked for Sperry-Rand for thirteen years and was married to defendant for nine out of those thirteen years. At the time of the divorce, he had been an employee of Morton Thiokol for seven years. His monthly net income was $2,365. Defendant had previously started divorce proceedings, but the parties had reconciled for about a year before plaintiff filed for divorce. During the period of reconciliation, defendant had obtained employment at Morton Thiokol as well and was earning $788 net a month.

In reviewing the property division made by the trial court, this Court endows its decision with a presumption of validity and does not disturb the decree absent a clear abuse of discretion or a manifest injustice or inequity. *Pusey v. Pusey*, 728 P.2d 117, 40 Utah Adv.Rep. 3 (1986); *Claus v. Claus*, 727 P.2d 184, 39 Utah Adv.Rep. 22 (1986).

■ 1. Plaintiff attacks the award to defendant of $400 monthly upon plaintiff's retirement as an abuse of discretion. The findings prepared by plaintiff's counsel indicate that the trial court awarded one-half of 9/13 of plaintiff's Sperry-Rand retirement benefits and one-half of plaintiff's Morton Thiokol retirement benefits multiplied by seven (the years the parties were married) and divided by the number of plaintiff's working years for Morton Thiokol. That award is properly based on the formula promulgated by this Court in *Woodward v. Woodward*, 656 P.2d 431 (Utah 1982). The appeal on this point is frivolous.

■ 2. Plaintiff next assails the award of $400 a month alimony for life as an abuse of discretion. The memorandum decision of the court on this point reads as follows:

> Plaintiff shall pay to defendant as and for alimony until the remarriage of defendant or his properly eligible retirement from Morton Thiokol Corporation the sum of $400 per month.

In preparing the findings as ordered by the court, plaintiff's attorney copied that language from the decision and then added "said alimony shall terminate upon the death of each party." Counsel for defendant admits, and the court made it clear, that the alimony was to end when plaintiff became entitled to his retirement benefits from Morton Thiokol.

To the extent that plaintiff's argument attempts to assail the award of alimony per se, we have repeatedly stated that the trial court has broad discretion in matters of alimony, and its decision will not be disturbed so long as it is exercised in accordance with the standard that has been set by this Court. *Jones v. Jones*, 700 P.2d 1072 (Utah 1985). (1) The financial conditions and needs of the wife, (2) the ability of the

wife to produce a sufficient income for herself, and (3) the ability of the husband to provide support are criteria established by this Court to measure the propriety of alimony. *See Jones,* 700 P.2d at 1075; *English v. English,* 565 P.2d 409 (Utah 1977). Here, defendant is a woman in her forties who did not pursue her own career during the parties' marriage, has few marketable skills, and earns one-third of plaintiff's salary, with little chance, absent further education, to increase that amount. Those criteria well support a finding of need for alimony, and we uphold the trial court's decision.

■ 3. Plaintiff contends that he should not have to pay one-half of expenditures necessary "for capital improvements agreed upon by the parties or necessitated by ordinary wear or depletion." Plaintiff stated at trial that he wanted to have his equity paid out upon defendant's remarriage, cohabitation, sale of the home, or the date when his youngest child reached majority. The trial court was well within its discretion to require plaintiff to assume part of the burden of capital improvement expenditures. Defendant, on her limited income, could ill afford to shoulder alone all improvements, and the benefits to plaintiff upon the sale of the home are too obvious to merit further discussion.

■ 4. Finally, plaintiff objects to the trial court's award of $8,500, which plaintiff has interpreted as the amount by which defendant would have the mortgage reduced upon sale of the home. The failure of the trial court to award plaintiff interest upon his equity is likewise assigned as error in the decree. Again, the language of the memorandum appears clear, whereas the formal findings prepared by plaintiff's counsel appear to obfuscate the meaning of that language. The memorandum decision reads:

> Upon termination of defendant's right to live in the home, the proceeds from the home shall be divided; $8,500 to the defendant; the amount by which the present mortgage of $17,000 is reduced at the time of sale, to the defendant, the remainder of the net proceeds from the sale of the home to be divided one-half to each of the parties.

(Emphasis added.) In the formal findings, the semicolon has been replaced with a comma. Plaintiff's counsel now alleges that the $8,500 represents the amount by which the mortgage will be reduced at sale. Read that way, the findings become meaningless, and we are consequently compelled to remand the case for clarification on this point only. It would appear that the trial court awarded $8,500 to defendant over and above the amount by which the mortgage of $17,000 will be reduced at time of sale. Although there was evidence that defendant had brought $19,500 to the marriage from the sale of her previous home, that the parties had used Social Security benefits intended for the adopted son as a result of his biological father's death, and that defendant had had to use savings in the amount of $11,000 during the period of reconciliation to supplement the family's household, the formal findings failed to specify how the trial court arrived at the amount of $8,500. We are therefore unable to judge whether this award was within the realm of discretion.

Inasmuch as the equity of the parties in the home will depend on the price the home will eventually fetch from a buyer willing to pay the price for which the parties are willing to sell, plaintiff's share will be determined by the appreciation of the property, if any, and the condition of the home at that time.

■ The trial court was well within its discretion to allow plaintiff the use of the home free of any present encumbrance by defendant. The parties need to provide a home for their children, and the use of the home adds to their support.

The case is remanded for the limited purpose of clarifying the division of the proceeds of the home upon sale. In all other respects, the judgment is affirmed.