Kathryn Myrna NEWMEYER, Plaintiff and Respondent,

v.

Jeddy Paul NEWMEYER, Defendant and Appellant.

No. 19183.

Supreme Court of Utah.

Nov. 13, 1987.

Glen M. Richman, Salt Lake City, for appellant.

J. Bruce Reading, Michael W. Spence, Salt Lake City, for respondent.

ZIMMERMAN, Justice:

Plaintiff Kathryn Newmeyer brought this divorce action against her husband, Jeddy Newmeyer. The trial court granted Kathryn custody of the couple's minor child and awarded her the bulk of the property, one dollar per year as alimony, and attorney fees. Jeddy appeals. He contends that the property division was incorrect, that Kathryn should not have been awarded any alimony, and that the evidence is insufficient to support an award of attorney fees. We agree only with the third contention and vacate the award of attorney fees. The judgment is otherwise affirmed.

The Newmeyers were married just over twenty years. During that period, they owned three homes in succession. During the holding periods, each appreciated. The trial court awarded Jeddy an automobile, all rights to his pension plan, miscellaneous household items, his savings of approximately $7,000, and an equitable lien against the couple's current home in the amount of $32,606. The court awarded Kathryn the balance of the equity in the home, valued in excess of $80,000, two automobiles, miscellaneous household items, her savings of approximately $17,000, one dollar per year alimony, and $1,423 in attorney fees. Ka-

thryn also was allowed to take an income tax deduction for the couple's minor child for the tax year 1982. Jeddy was required to pay $200 per month child support and was awarded the tax deduction for the minor child for all the years following 1982.

Jeddy challenges numerous aspects of the property division. However, he concentrates his attention on the division of the equity in the home. He challenges the findings on the relative contribution of each party and the current value of the home. Regarding the first of these issues —the contribution of each party—he contends that the trial court erred in finding that Kathryn should receive credit for substantial amounts she received from inheritances that were invested in the homes early in the marriage.

In dividing the marital estate, the trial court may make such orders concerning property distribution and alimony as are equitable. Utah Code Ann. § 30–3–5(1) (1984 & Supp.1987). In making such orders, the trial court is permitted broad latitude, and its judgment is not to be lightly disturbed, so long as it exercises its discretion in accordance with the standards set by this Court. *Jones v. Jones*, 700 P.2d 1072, 1074 (Utah 1985); *see Pusey v. Pusey*, 728 P.2d 117, 119 (Utah 1986). It is therefore incumbent on the appealing party to prove that the trial court's division violates those standards, *see, e.g., Jones*, 700 P.2d at 1074, or that the trial court's factual findings upon which the division is grounded are clearly erroneous under Utah Rule of Civil Procedure 52(a).

Jeddy concedes that Kathryn put money from her inheritances into the homes. However, he argues that because the inheritances received by Kathryn came into the marriage many years ago and were committed to the common venture of purchasing a home, the trial court was bound to divide this contribution equally between both parties. There is nothing in our cases that mandates such a result. The appropriate treatment of property brought into a marriage by one party may vary from case to case. *Compare Workman v. Workman*, 652 P.2d 931, 933 (Utah

1982) (husband's property acquired prior to marriage properly a part of marital assets to be divided upon divorce), *and Jackson v. Jackson*, 617 P.2d 338, 340–41 (Utah 1980) (title to marital property prior to divorce not binding on trial court's distribution), *with Preston v. Preston*, 646 P.2d 705, 706 (Utah 1982) (inheritance acquired during marriage properly excluded from valuation of marital assets), *and Jesperson v. Jesperson*, 610 P.2d 326, 328 (Utah 1980) (not unreasonable for trial court to withdraw from marital property the equivalent of assets brought into marriage). The overriding consideration is that the ultimate division be equitable—that property be fairly divided between the parties, given their contributions during the marriage and their circumstances at the time of the divorce. *See Huck v. Huck*, 734 P.2d 417, 420 (Utah 1986).

In the present case, the circumstances warrant the treatment given the inheritances by the trial court. Under any version of the facts, it is readily apparent that Kathryn paid the lion's share of the cost of the homes from money she received through inheritances. Moreover, the trial court was more than fair to Jeddy by crediting him with an equal share in the appreciation of the value of the homes despite his much lower contribution. Therefore, we conclude that the trial court exercised its discretion within the bounds set by our cases when it credited Kathryn with the inheritances she put into the homes.

■ Jeddy also disputes the trial court's factual determination of the amount each party contributed toward the purchase of the homes. There was conflicting evidence on this point at trial. Evidence fixed Kathryn's probable contribution at $55,000 to $60,000 and Jeddy's at $7,000 to $12,000. Jeddy's present challenge to the trial court's factual findings as to the relative contributions of the parties amounts to nothing more than an attempt to retry the matter on appeal. There was evidence supporting the positions of both parties. It was for the trial court to resolve the conflicts. We will not overturn such a factual resolution unless the appellant first mar-

shals all the evidence supporting the trial court's finding and then demonstrates that that evidence, when compared to the contrary evidence, is so lacking as to warrant the conclusion that clear error has been committed. Utah R.Civ.P. 52(a); *see Harline v. Campbell*, 728 P.2d 980, 982 (Utah 1986); *Scharf v. BMG Corp.*, 700 P.2d 1068, 1070 (Utah 1985). In the present case, Jeddy has not begun to meet this burden. Therefore, we reject his attack on the trial court's determination of the relative contributions of the parties.

Jeddy next attacks the trial court's findings as to the market value of the current home. Jeddy's expert witness testified that the house was worth $122,000, while Kathryn's testified that the value of the house was $112,000. The trial judge fixed the value of the house at $117,000. Based upon that finding, the appreciation in the value of the couple's successive homes was approximately $50,000. Jeddy argues that in fixing the value at $117,000, the court improperly "split" the difference between the values fixed by the experts. He argues that his expert should have been believed.

■ This argument, like the one that preceded it, is nothing but an attempt to have this Court substitute its judgment for that of the trial court on a contested factual issue. This we cannot do under Utah Rule of Civil Procedure 52(a). In apparent recognition of this proposition, Jeddy masks this claim as a legal argument by contending that the trial judge acted improperly in splitting the difference between the experts. That argument is, of course, utterly lacking in merit. It is elementary that a judge is not bound to believe one witness's testimony to the total exclusion of that of another witness. When acting as the trier of fact, the trial judge is entitled to give conflicting opinions whatever weight he or she deems appropriate. *See Groen v. Tri-O-Inc.*, 667 P.2d 598, 603 (Utah 1983); *see also Goodmundson v. Goodmundson*, 201 Mont. 535, 655 P.2d 509, 511 (1982) (in adopting proposed values for marital assets, trial court may average conflicting values given by experts to arrive at an equitable solution). Therefore,

we hold that the district court did not abuse its discretion in determining that the value of the home was $117,000.

■ Jeddy next argues that the trial court improperly credited Kathryn with the 1982 tax deduction for the minor child because under the prayer for relief contained in her initial complaint in this action, she asked that Jeddy be allowed that deduction. Kathryn did not amend her complaint to change the prayer for relief; therefore, Jeddy argues, the trial court lacked the authority to award her the 1982 tax deduction. Whatever the state of the pleadings, the record indicates that at trial, the entitlement to the 1982 tax deduction became a matter of dispute between the parties and was adjudicated without objection. Under Utah Rule of Civil Procedure 15(b), a trial court is permitted to decide issues that are not raised by the pleadings when (i) they are tried by the parties and (ii) the failure to amend the initial pleadings to conform to the evidence in no way impairs the trial court's ability to resolve such an issue. Both of these requirements were met. We therefore conclude that it was proper for the trial judge to consider the issue.

■ Jeddy's other contentions regarding the trial court's property distribution lack merit.[1]

■ Jeddy next contends that the trial court abused its discretion by awarding plaintiff one dollar per year alimony. Alimony is to be awarded after considering three factors: the receiving spouse's financial condition and needs; the receiving spouse's ability to earn an adequate income; and the providing spouse's ability to provide support. *Jones v. Jones*, 700 P.2d at 1075. The record indicates that Kathryn received the majority of the assets of the marriage. However, she appears to have a relatively poor ability to earn an income sufficient to maintain as nearly as possible

the standard of living that the parties enjoyed when married. Although working at the time of the divorce, during the course of her two decades of marriage to Jeddy, Kathryn was employed only episodically, for brief periods, and at low-paying jobs. She did not have the opportunity to build up a retirement fund. Yet the trial court did not give her any interest in Jeddy's pension. Finally, the evidence suggests that Jeddy has better future income prospects than Kathryn. In light of these circumstances, however, Kathryn only received an alimony award of one dollar per year, presumably to preserve her right to seek an increase should there be a material change in circumstances in the future. Given these facts, Jeddy's claim that the trial court abused its discretion in awarding any alimony is utterly without merit. *See, e.g., Stephens v. Stephens*, 728 P.2d 991, 992–93 (Utah 1986).

■ Jeddy's final contention is that the trial court abused its discretion in awarding Kathryn $1,423 in attorney fees. An award of attorney fees in divorce cases "must be supported by evidence that it is reasonable in amount and reasonably needed by the party requesting the award." *Huck v. Huck*, 734 P.2d at 419 (citing *Beals v. Beals*, 682 P.2d 862 (Utah 1984)). Because ample evidence of Kathryn's financial condition was before the court, we reject Jeddy's argument that the trial court's finding of need was unsupported by the evidence. On the other hand, it is incumbent on the party requesting attorney fees to demonstrate "the necessity of the number of hours dedicated, the reasonableness of the rate charged in light of the difficulty of the case and the result accomplished, and the rates commonly charged for divorce actions in the community." *Beals*, 682 P.2d at 864 (quoting *Kerr v. Kerr*, 610 P.2d 1380, 1384–85 (Utah 1980)); *accord Delatore v. Delatore*, 680 P.2d 27, 28 (Utah

---

1. It is worth noting that in attacking the property distribution, Jeddy fails entirely to take account of the fact that Kathryn received an alimony award of only one dollar per year. In determining whether a certain division of property is equitable, neither the trial court nor this Court considers the property division in a vac-

uum. The amount of alimony awarded and the relative earning capabilities of the parties are also relevant, because the relative abilities of the spouses to support themselves after the divorce are pertinent to an equitable determination of the division of the fixed assets of the marriage.

1984). Kathryn failed to provide sufficient evidence to demonstrate that the fees were reasonable. The evidence regarding attorney fees consisted solely of Kathryn's testimony. There was no separate showing of the hours, rate, or community standard. Because Kathryn failed to carry her burden and establish the proper evidentiary basis for the award, we hold that it was an abuse of discretion for the trial court to award her $1,423 in attorney fees.

The divorce decree is affirmed, but the award of attorney fees to plaintiff is stricken. Costs to respondent.

HALL, C.J., and STEWART, Associate C.J., concur.

HOWE, Justice: (concurring).

I concur. This case presents a recurring issue before this Court, viz., the division of property inherited or received by gift by one spouse from his or her family either before or during marriage. No rules to guide the trial court have been expressed by the legislature or by this Court over the past years except the illusory standard that the ultimate division should be fair and equitable. While I recognize that trial judges must have flexibility and discretion in dividing property, I believe that such inherited or donated property should be dealt with more consistently and according to more definite and meaningful guidelines. Typical of our expressions dealing with inherited property is the following language found in *Burke v. Burke*, 733 P.2d 133, 135 (Utah 1987) (a case in which I concurred), where we said:

> [I]n appropriate circumstances equity requires that each party recover the separate property brought into or received during the marriage.

However, no mention was made of what comprise "appropriate circumstances."

From my review of the cases decided by this Court in recent years, many of which are cited in the instant case and in the footnotes to *Burke v. Burke, supra,* no discernible pattern of treating inherited or donated property is apparent. For instance, in *Burke,* Mrs. Burke, ten years into the marriage, inherited from her mother's estate three and one-half acres of unimproved land, then worth less than $5,000. Without any improvements being made to the property or any effort expended by either party, the property appreciated at the time of divorce to $35,000 per acre. The trial court awarded the property solely to Mrs. Burke, giving Mr. Burke no part of the original value ($5,000) or its appreciation during the marriage ($117,500). This Court refused to disturb that award.

Similarly, in *Preston v. Preston,* 646 P.2d 705, 706 (Utah 1982), we affirmed a divorce decree awarding to each party in general the real and personal property he or she brought to the marriage or inherited during the marriage. We there said:

> Following the principle we have approved in cases like *Georgedes v. Georgedes,* Utah, 627 P.2d 44 (1981); *Jesperson v. Jesperson,* Utah, 610 P.2d 326 (1980); and *Humphreys v. Humphreys,* Utah, 520 P.2d 193 (1974), the district court concluded that each party should, in general, receive the real and personal property he or she brought to the marriage or inherited during the marriage.

Without any mention or recognition of the principle referred to in the above quotation, we have in other cases approved a division among the parties of property inherited or donated to one party prior to or during the marriage. *Argyle v. Argyle,* 688 P.2d 468 (Utah 1984); *Bushell v. Bushell,* 649 P.2d 85 (Utah 1982); *Dubois v. Dubois,* 29 Utah 2d 75, 504 P.2d 1380 (1973); *Weaver v. Weaver,* 21 Utah 2d 166, 442 P.2d 928 (1968). No case has been found where we have reversed a trial court's disposition of such property.

A middle approach was taken in the instant case. Mr. Newmeyer was awarded no part of his wife's inheritance, but he was allowed to share equally in the appreciation of the properties in which her inheritance was invested. Yet I am unable to discern why it was "fair and equitable" to deny to Mr. Burke that which was given to Mr. Newmeyer.

While I recognize that each case has its own unique set of circumstances, I am concerned with the lack of consistency in treating inherited and donated property. Without more definite rules, each party takes his or her chances that the particular trial judge assigned to hear the case on that given day will perceive it to be fair and equitable to divide or not to divide such property. I believe that some general rules should at least be articulated and followed.

The Court's opinion in *Burke v. Burke, supra,* repeated the factors which we enunciated in *Pinion v. Pinion,* 92 Utah 255, 67 P.2d 265 (1937), that are generally to be considered in making property divisions. No guidance, however, was given as to when it would be appropriate to divide inherited or donated property. We would be doing a service to the Bar and to the trial bench to be more definite in our treatment of such property. It is no wonder that so many cases involving such property have been appealed, since the "losing" party in comparing his or her case with other cases decided by this Court can discern no rational basis for the disparate treatment he or she has received.

Legislative guidance would be helpful on this question. Utah Code Ann. § 30-2-1 expresses a legislative intent that property of a married woman acquired by gift or inheritance should remain her estate and property. To what extent should that rule be modified when a divorce occurs? *See Izatt v. Izatt,* 627 P.2d 49 (Utah 1981).

DURHAM, Justice: (concurring and dissenting).

I concur in the majority opinion except for its vacation of the award of attorney fees. The standard of reasonableness set forth by the majority is entirely correct, but in view of the pleadings, discovery, pretrial appearances, full day's trial, and number and complexity of the issues, all of which are patent on the face of the record (and therefore obvious also to the trial judge), I think that the trial court had sufficient information to assess reasonableness. Plaintiff established that the fees

were charged and due; the amount itself proves that counsel devoted approximately 17 to 18 hours at $80 per hour, or approximately 14 to 15 hours at $100 per hour, or even 28 to 29 hours at $50 per hour. Keeping in mind that the trial itself took a full day and that there was a pretrial hearing on support and at least one deposition taken by defendant's counsel, I have no difficulty taking judicial notice that the fee of $1,423 was reasonable. In view of plaintiff's need, I think it inappropriate to deny her the assistance ordered by the trial court.